The opinion of the court was delivered by
Gibson, C. J.
The legislature had in .view a partition among those who claim by descent from the intestate, unembarrassed by the intervening of a husband, which was not foreseen and therefore not provided for. When it occurred in practice, it gave rise to many difeulties and different opinions which prevailed in different pai’ts of the *64 state. In some, it was thought that as the husband might have elected to take his wife’s share in money, and as he paid for the other shares with his own funds, justice required that he should be permitted to take the whole to his own use. In others, it was thought that as he had nothing in the inheritance but his marital rights over his wife’s share of it, he came in only as her representative, to perform for her an act which she was incapacitated hy the coverture to perform for herself, that the quantity of her interest and not her title, was altered by the decree; and consequently, that the recognizance to the other children was a lien on the whole, which might be sold as an indivisible mass; so that on all hands it was agreed that the turning of the wife’s inheritance into personalty, was an evil incident to the husband’s right of election, which it was impossible to prevent, and which the court would be compelled to disregard. Thus it was the practice to decree the whole to the husband, or to the wife, as the one or the other of these opinions happened to prevail. But when this court decided that the shares of the other children become the estate of the husband, as in the case of an ordinary purchase, and that the wife has an interest paramount the partition, which remains in her as her old estate, it cut the knot if it did not untie it. Whether the point decided will have the intended effect of preventing the wife’s inheritance from passing to those who are not of her blood is by no means clear; but under all circumstances, perhaps nothing better could have been done. But the separating of the respective interests of the husband and wife removed all difficulty in regard to subordinate questions. As the Orphans’ Court has not power over the rights of the parties, their estates are not to be moulded to the form of the decree; the legal estate, when confirmed to the husband or to the wife, being held by either in trust for the other, according to their respective interests. In the case before us, there is nothing in the record to show that the estate was decreed to the wife,- with the assent of the husband; on the contrary it is evident that it owes its form to a misconception of the rights of the parties. Had' the husband intended to vest the title to the whole in the wife, he would have executed a conveyance, without which his intention would rest on conjecture, which is of little account in fixing the rights of a party.
Then, as to the error assigned by the defendant. It is too plain for argument, that the recognizance of the husband does not bind the estate of his wife. He stands in a relation altogether different from that of a guardian, who elects to take at the valuation in behalf of his ward, and who for that reason, subjects the ward to his contract for payment of the purchase money. As concerns the share of his wife, who remains seised of her old estate, he takes nothing in her behalf or his own. Her right of election is an accident of her person and not of her estate, and he succeeds to it by the marriage as he does to all her other rights that are purely per *65 sonal, but what he takes in virtue of it, he takes to his own use, and it would therefore be contrary to the dictates of natural justice to permit him to pledge her estate for the price of what he has purchased for his own benefit. He could no more do so by a purchase of the shares of the other children and giving a recognizance in the Orphans’ Court, than by the purchase of any other real estate, and giving security for the purchase money by mortgage or judgment.
Then if the title and estate of the wife are unaltered, the proportion to which the plaintiff is entitled here is easily determined. Claiming paramount the partition, she is entitled to what she inherited, — an undivided seventh of the lot in question. The children succeeded to the inheritance as tenants in common of the whole, the' estate of each being an undivided interest in every part and particle of it. By what process then has the plaintiff’s interest which originally pervaded the whole, been concentrated in a part? As regards the land in dispute, her estate is what it was at the death of her father; and as regards the other portions, it has been divested by the decree of the Orphans’ Court, or by her conveyance, and it would be obviously unjust to have her interest in those portions that were turned into personalty by her own act or the act of the law, fastened upon this part of the inheritance in the hands of a bona fide purchaser. She is therefore to recover but an undivided seventh of the land in dispute.

Judgment reversed, and judgment for the plaintiff for an sundivided seventh part of the lands described in the writ.