## JAMES JOHNSON, *against* MARY MATSON.

IN ERROR.

Where under proceedings in partition in the Orphans' Court to divide the lands of S. the same was appraised and taken by M. who had married one of the children of S. and who acknowledged recognizances to the other children for their shares. The wife of M. can claim nothing against her husband or a purchaser of his estate; but the undivided share which descended to her, and which remains specifically in land, after all the purposes of distribution have been answered.

This was an ejectment brought in the District Court of York county, by the defendant in error, to recover from *James Johnson,* one hundred and ninety-six acres of land. The facts were as follows: *James Sinclair,* the father of *Mary Matson,* died in 1807, seized in fee of two tracts of land, one of one hundred and ninety-three acres; the other the land in dispute. He left seven children, (of whom the plaintiff is one,) and the children of a deceased child. In 1811, application was made to the Orphans' Court to divide these two tracts, amongst the children of *Sinclair,* agreeably to the intestate laws, and in pursuance thereof the tract of one hundred and ninety-three acres, was valued at three thousand two hundred dollars, and was decreed by the said court to the eldest son; who gave security to the other heirs for their distributive shares. The tract of one hundred and ninety-six acres, the land in dispute, was valued at one thousand one hundred and twenty-seven dollars, and was decreed to *Adley Matson,* who had intermarried with the plaintiff, he entering into a recognizance to secure to each heir one hundred and forty dollars and fifty cents, the sum they were severally entitled to. In 1813, *Shenberger* obtained judgment against *Adley Matson,* on which the land decreed to him was sold by the sheriff to the defendant *Johnson,* for four hundred and fifty dollars, and a deed acknowledged January, 1816. At the time of the sale *Johnson,* the purchaser, held three judgments against *Matson,* amounting to six hundred and fifty dollars. *Matson* died in December, 1826. The court charged that the plaintiff was entitled to recover the whole tract and recommended a verdict accordingly.

Verdict and judgment for the plaintiff.

*Lewis* and *Barnitz,* for plaintiff in error.

The Orphans' Court had no power to concentrate the interest of the wife, but that interest remained in the land unaffected by the decree of the Orphans' Court vesting the estate of her father in her husband under the intestate law. The estate in one tract was decreed to him by the court, and it is only as to one-eighth part, (her proportion,) they take by descent, but of the other seven-eighths the husband was the purchaser when he entered into a recogni-

zance to secure the shares of the other children. As to her interest in the other tract, that by the decree of the Orphans' Court was converted into personalty. All these facts being set forth in the records of the court, through which the title to the land sold was made, the plaintiff in error who was the purchaser, was necessarily cognizant of them. The court below gave judgment against the defendant for the whole of the land purchased, which was more than the wife would be entitled to, out of all the real estate of her father, the larger portion of which had been converted into personalty, and the right thereto clearly vested in the husband. *Kean* v. *Ridgeway*, 16 *Serg. & Rawle*, 60. *Stoolfoos* v. *Jenkins*, 8 *Serg. & Rawle*, 175. *Smith* v. *Scudder*, 11 *Serg. & Rawle*, 325.

*Evans*, contra.

*Mary Matson*, the plaintiff, claimed the whole tract, on the ground that her husband took in her right. The paying or securing to be paid, the shares of the other children, could not entitle him to the fee simple of the estate. He was a trustee for the wife in whom the fee simple vested, and his interest was but a life estate. If then he be received as a trustee to take the estate in trust for his wife, he would be a trustee to bind the same in fee simple by a recognizance in favour of the other heirs. That in this case *Adley Matson* took in right of his wife, and as it appeared of record, *Johnson* the purchaser at sheriff's sale had notice of it. *Blocker* v. *Cormony*, 1 *Serg. & Rawle*, 460. *Foglesonger* v. *Somerville*, 6 *Serg. & Rawle*, 167. *Stoolfoos* v. *Jenkins*, 8 *Serg. & Rawle*, 175.

The opinion of the court was delivered by

GIBSON, C. J.—The principles of this case have been already settled on terms so explicit as to occasion surprise at finding them misapprehended in the court below. A wife can claim nothing against her husband or a purchaser of his estate, but the undivided share which descended to her, and which remains specifically in land after all the purposes of distribution have been answered. Here she was permitted to recover all the land that was accepted by her husband at the valuation, because, at it was said, he had paid nothing for it, and was entitled to nothing more than his courtesy initiate, which determined at his death. But he acknowledged recognizances to the other children, which, if not paid may yet be recovered of his estate or of the land in the hands of the defendant. Even should their interest not be divested, what right can that give the plaintiff to any thing beyond her own share? In *Kean* v. *Ridgeway*, 16 *Serg. & Rawle*, 60, it was held that her portion of the whole estate is not concentrated in a particular part accepted by the husband; and there is no reason why it should be thus concentrated, where her whole portion has not been taken specifically in land. The doubt sometimes expressed of the principle of *Yoye* v. *Barnit*, seems to me to be without due consideration. Why should

(James Johnson *v.* Mary Matson.)

the price of a wife's land be exempt from her husband's marital rights, where transmutation has been the necessary consequence of a process of distribution? Equity insists on a provision for the wife, not in consequence of any imperfection in the husband's title to her personal estate, but as the price of its interposition in his favour. But where, as in the case of a recognizance to the wife, her money may be reached by an action at law, no chancellor would pretend that he is not both in equity and at law, the absolute owner of it; and to treat it as land, or follow it into land purchased with it, for the purpose of establishing a resulting trust in favour of the wife, would introduce an equity hitherto unknown to the English or the American courts. But even were there room to doubt the propriety of that decision on the ground of any admitted principle of equity, it has since entered into such a countless number of estates as a rule of property, as to render the mischief that would be produced by disturbing it now, incalculable. In the case at bar therefore, the plaintiff is entitled to recover only her purpart in the part taken by her husband, as it descended to her.

Judgment reversed, and a *venire de novo* awarded