## Hoffer *against* Wightman.

A recognizance of a husband alone, to secure the valuation money of land taken in right of his wife under a decree of the orphans' court, does not bind the wife's estate in the land, nor does it create a lien upon it payable out of the proceeds of the sale of the same land as the estate of the wife, after the death of the husband.

If it appear by the record that the plaintiff has no cause of action, this court will reverse a judgment in his favour, although the point may not have been made in the court below, or assigned for error.

WRIT of error to the common pleas of *Dauphin* county.

The facts of this case appeared to be, that Robert M'Kee died intestate, and his estate was divided and appraised by a proceeding in partition in the orphans' court, and one part of it was taken by David Dimpsey, in right of his wife, and he entered into a recognizance with David Patten as his security, to Sample M'Kee (who took the other and less valuable part), for one half of the difference, in value. A suit was brought upon this recognizance, by the executors of Sample M'Kee, against Dimpsey and Patten, pending which Dimpsey died, and a judgment was obtained against Patten, the survivor, for 982 dollars 99 cents, which the plaintiff assigned to Charles A. Snider, upon which an execution was issued, and defendant's land levied and sold for 100 dollars, and the sheriff returned that the purchaser had not complied with the terms of sale. After this, Isabella Dimpsey, the wife of David Dimpsey, and heir at law of Robert M'Kee, died, and her administrator, Jacob Redsecker, applied to the orphans' court for an order to sell her real estate, being the same land her husband took at the valuation, in right of his wife, for the payment of debts; in pursuance of which the land was sold for 1396 dollars 50 cents, and Joseph Hoffer became the security of the said administrator, for the faithful discharge of his duty, and payment of the money, &c.

This, then, was an action by the commonwealth for Wightman and wife, who was surviving executor of Sample M'Kee, against Joseph Hoffer, co-recognizor with Jacob Redsecker, upon the recognizance of Redsecker, which was conditioned for the payment of the proceeds of the sale of Isabella Dimpsey's estate, in which the plaintiffs claimed the amount of the recognizance of David Dimpsey, before referred to.

In the court below two points were made by the defendant's counsel. 1. That the recovery in the action against David Patton, surviving David Dimpsey, was a bar to this suit. 2. That whether that suit was available as a former recovery or not, yet, the assignment of the judgment by the plaintiff to Charles A. Snider, precluded a recovery in this suit.

[Hoffer v. Wightman.]

The court below (Blythe, President) ruled both points against the defendant.

There were cited, for the plaintiff in error, Downey *v.* The Bank of Greencastle, 13 *Serg. & Rawle* 288; Beltzhoover *v.* The Commonwealth, 1 *Watts* 126; Walter *v.* Ginrick, 2 *Watts* 204.

For the defendant in error, Reed *v.* Garvin's Executors, 7 *Serg. & Rawle* 354; Allen *v.* Reesor, 16 *Serg. & Rawle* 16; Kean *v.* Ridgway, 16 *Serg. & Rawle* 60.

The opinion of the Court was delivered by

KENNEDY, J.—We think there is nothing in any of the errors assigned in this case. They are so obviously untenable, that it is unnecessary to enter into a course of reasoning, in order to prove it. We are, however, notwithstanding, clearly of opinion that the judgment of the court below must be reversed, because, from the record, it appears that the plaintiffs below have no cause of action whatever against the defendant, who is the plaintiff in error. The claim appears to be founded upon a recognizance taken in the orphans' court of Dauphin county, of Joseph Hoffer, the plaintiff in error, as the bail of Jacob Redsecker, administrator of Isabella Dimpsey deceased, conditioned for the faithful and due execution of an order, then made by the said court, authorizing Redsecker, as the administrator, to sell the land or real estate of his intestate, for the purpose of paying her debts, and maintaining her minor children; as also for a faithful appropriation of the money arising from the sale, when made. The sale was accordingly made by Redsecker; and James Wightman and Elizabeth, his wife, late Elizabeth M'Kee, surviving executrix of Sample M'Kee, claimed to be paid out of the money arising from the sale, in the hands of Redsecker, a sum of money exceeding 600 dollars, with interest thereon, due, as they allege, upon a recognizance entered into by David Dimpsey, in his lifetime, then the husband of the said 'Isabella Dimpsey, who, with her brother, the said Sample M'Kee, were then the only surviving children and heirs of Robert M'Kee deceased, in order to secure to the said Sample M'Kee the payment of his proportion of the valuation money, of a part of the lands or real estate late of the said Robert M'Kee, which the said David Dimpsey had in right of his wife, taken under a decree of the orphans' court aforesaid. The real estate of Robert M'Kee had been divided, by the inquest, into two parts, but not being of equal value, they were also appraised by the inquest, and so returned. Sample M'Kee elected and took the less valuable part, and his brother-in-law, David Dimpsey, in right of his wife, took the other, which was valued at about 1300 dollars more than the part taken by Sample, thus making David Dimpsey debtor, upon his recognizance, to Sample, for one half of the difference in the valuation. The land, taken by and decreed to David by the orphans' court, is

[Hoffer v. Wightman.]

the same which was sold by Redsecker as the estate of Isabella Dimpsey, who, as it would seem, survived her husband. These being the facts of the case, it is very evident that the executrix of Sample M'Kee can have no claim upon the money arising from the sale, unless the recognizance entered into by David Dimpsey, bound the wife's estate or interest in the land; for no other estate or interest than what belonged to her, was or could be sold by Redsecker, under the decree of the court. So far as David Dimpsey was, by his recognizance, to pay for the land taken by him, under the decree of the orphans' court, it was taken for his own benefit, and became his own estate exclusively, but no further. The residue belonged to his wife, which the orphans' court had no power to transfer any estate in to him, nor yet to enable him to encumber it by any act of his own. His entering into the recognizance, was purely an act of his own, in which his wife took no part, and to which, in no wise, can she be considered a party; and how her estate could become affected by it, without her assent given in some form, it is not easy to conceive; for no rule is better established, than that the husband shall not be permitted to transfer or to encumber the real estate of his wife, if it amounts to freehold, so as to deprive her of the use of it, in the slightest possible degree imaginable. It is entirely beyond his power to make it liable for the payment of his debts, or to pledge or charge it in any manner for the payment of money for his own use, or upon his own account. If he could, it would, in effect, be giving him the estate, and taking it from her. But the very question presented here was ruled and decided in the case of Kean *v.* Ridgway, 16 *Serg. & Rawle* 60. There it was held that the recognizance of the husband, given to secure the payment of the valuation money of land taken in right of his wife, under a decree of the orphans' court, did not bind her interest or estate in the land, nor create any lien upon it; and that a sheriff's sale of the land, under a judgment obtained upon the recognizance, did not pass to the purchaser the wife's interest or estate in it. It follows, then, of necessity, in the present case, that, as the recognizance entered into by David Dimpsey created no lien or binding effect upon his wife, Isabella Dimpsey's interest or estate in the land, that the plaintiffs below have not even the shadow of claim or right, to be paid out of the money in the hands of Redsecker, the principal of the plaintiff in error. That Redsecker has been guilty of no breach of the condition of his recognizance, in which the plaintiff in error is his bail, by refusing to pay this claim; and that the judgment of the court below is erroneous, and must, therefore, be reversed.

Judgment reversed.