# The Commonwealth to the use of Dauphin County *versus* Hoffman.

1. A rule of court required an affidavit of defence in actions on bills, &c.,
records and other writings for the payment of money ; *Held*, that a sheriff's
recognisance was not within the rule, it being for the performance of a col-
lateral condition.

2. The condition of a sheriff's recognisance is not broken by his refusal to
repay to the county commissioners over-payments to him as fees.

3. Where by the record there appears to be no ground for a lawful judg-
ment, a court of error will reverse, although there be no affidavit of defence.

4. Harres *v.* Commonwealth, 11 Casey 416, distinguished.   Philadelphia
Savings Institution *v.* Smith, 10 Barr 13, criticised.

May 20th 1873.   Before READ, C. J., AGNEW, SHARSWOOD,
WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Dauphin county.*

[Commonwealth *v.* Hoffman.]

This was a scire facias, at the suit of the Commonwealth, for the use of Dauphin county, against Jacob D. Hoffman, on his recognisance as sheriff of that county. The writ was issued November 15th 1870.

The recognisance was acknowledged November 28th 1866, and was in the penalty of $15,000, with the usual condition that the sheriff execute all process, and pay to parties and suitors interested in such process all moneys belonging to them which shall come into his hands, and "faithfully execute and perform all and singular the trusts and duties to the said office lawfully appertaining."

By the 52d rule of the Court of Common Pleas, in all actions on bills, &c., records and other writings for the payment of money, plaintiff, after thirty days from the return-day, may enter judgment, "unless the defendant shall have previously filed an affidavit of defence, setting forth the nature and character of the same, but no judgment shall be entered unless the plaintiff shall, on or before the return-day of the original process, file in the office of the prothonotary, with his *narr.* or statement, a copy of the instrument of writing, book-entries, record or claim on which the action has been brought. * * * But where the action or writ is founded on a record on file, or contained among the records of the county, a declaration or statement filed, or a scire facias issued thereon, together with a reference in the precept to the original, shall be deemed a sufficient filing of a copy of the record or claim on which the action has been brought." * * *

The præcipe was :—

"See recognisance entered into by Jacob D. Hoffman, late sheriff of Dauphin county, November 28th, A. D. 1866, and duly certified to the prothonotary of the Court of Common Pleas of said county, and by him entered in Judgment Docket to No. 49, January Term, A. D. 1867, for $15,000.

"Issue scire facias on the above-stated recognisance against defendant; for that whereas the said Jacob D. Hoffman, late sheriff of said county, did not and would not, at all times during his continuance in the office of sheriff of Dauphin county, well and faithfully execute and perform all and singular the trusts and duties to the said office appertaining lawfully, in this, that the said Jacob D. Hoffman, sheriff as aforesaid, did, at sundry times during his official term, unlawfully obtain of and from the said county, from and through her officers, divers sums of money, amounting in all to the sum of two thousand nine hundred and ninety-one dollars and ninety-seven cents, in excess of all moneys and fees which, by the laws in force within this Commonwealth, he was entitled to obtain and receive as sheriff; that he, the said Jacob D. Hoffman, sheriff as aforesaid, did neglect and refuse, and still does neglect and refuse, to pay unto the said county, or

[Commonwealth v. Hoffman.]

her proper officer or officers, the said sum of two thousand nine hundred and ninety-one dollars and. ninety-seven cents, so had and received in the manner aforesaid, and found to be' due said county from him, the said sheriff, by the auditors thereof, as by their report made as required by law, will appear, although often thereunto requested; whereby the said plaintiff has been and is damnified—all of which is set forth as a breach thereof. Returnable next return-day."

The scire facias was in accordance with the præcipe, and was returned "Served."

On the 8th of November 1871 judgment was entered against the defendant for $3305.12, for want of an affidavit of defence.

On the 2d of July 1872, on application of the defendant, a rule was granted to show cause why the judgment should not be stricken off, for the following reasons :—

"1. That the declaration or statement filed does not exhibit a case within the 52d rule of court.

"2. That judgment is taken for more than the amount set forth in the statement, or præcipe, or scire facias.

"3. That the statement does not set forth that the amount for which suit was brought was obtained from the county or her officers in his official capacity.

"4. That there is no date of the county auditors' report given in the præcipe or scire facias, on which the judgment is supposed to be founded.

"5. And generally, that the whole proceeding in the said action is illegal, informal and not in accordance with the requirements of the Act of Assembly." ·

On the 21st of September 1872 the rule was made absolute, and the judgment was stricken off.

The defendant then pleaded to issue.

The cause was tried January 27th 1873, before Pearson, P. J.

The plaintiff gave in evidence the report of the county auditors, dated February 10th 1870, on the 'accounts of the defendant as sheriff, showing in items his claims against the county, amounting to $5215.60. The auditors certified :—

" The auditors also further report that they carefully and fully examined the accounts of Jacob D. Hoffman, late sheriff, and find that he received from the county funds, while sheriff, the sum of eight thousand two hundred and seven dollars and fifty-seven cents, while his accounts, as audited and allowed by us under the feebills, amount to only fifty-two hundred and fifteen dollars and sixty cents, leaving a deficiency of twenty-nine hundred and ninety-one dollars and ninety-seven cents."

Plaintiff also gave in evidence vouchers, showing that the defendant had received from the commissioners, upon their orders on the county treasurer, the sum certified by the auditors. The

[Commonwealth *v.* Hoffman.]

sums were received for "sheriff's fees," and the orders were so made out.

The report was never presented to the court or passed on by it.

There was evidence also that the defendant, with his counsel, was present whilst his accounts were being examined by the auditors.

The court charged :—

* * * "This report cannot for all purposes have the effect of a judgment; it certainly is not a lien. Although the report was placed in the office, and marked filed by the officer, yet it never was presented to the court, or filed by its order; was never entered on the record in any way, or placed on the lien-docket. We therefore greatly doubt its being conclusive against the sheriff. He, perhaps, could yet appeal. But the main point here is, does the claim, as proved in court by the vouchers, come within the terms of the recognisance? There is no doubt but that Jacob D. Hoffman owes the money to the county. It must be borne in mind, however, that a judgment against the sheriff on his recognisance is conclusive on his sureties. They are bound to pay all of his official indebtedness which is covered by the recognisance, but they are obligated for nothing more. The terms of the recognisance are, in substance, that the sheriff shall, without delay, and according to law, serve and execute all writs and process which shall be directed to him, and, on request, pay to the several suitors or parties interested in the execution of such writs and process, all and every sum or sums of money to them due or owing, which shall come into his hands; and shall, during his continuance in the office of sheriff, well and faithfully execute and perform all and singular the trusts and duties to said office lawfully appertaining. This claim is not founded on the failure to execute process, or to pay money to suitors which came into his hands. Is there a failure to execute and perform the trusts and duties to his office appertaining? We think not, and so instruct you. The uncontradicted evidence shows that this money was not collected for others, but for the sheriff himself. There is no obligation on the part of the bail to refund overpayments made to the sheriff. The money was·rashly and improperly paid by the county commissioners, without any lawful claim on the county by him. It is true he alleged it would be coming to him for fees, but that kind of claim does not bring the case within the sheriff's recognisance.· It is not different in principle from his saying to a debtor : 'I shall probably have a writ against you next week, therefore you had better pay the judgment to me." Such a payment would not discharge the debt, and the party paying would still be bound. So here. The county auditors could, with quite as much propriety, have charged the commissioners with this mispayment. It is money which came into the hands of the sheriff unlawfully, and for which his recogni-

[Commonwealth v. Hoffman.]

sors are not held. The sheriff must be sued in assumpsit for money had and received; it cannot be collected on the recognisance. Your verdict must therefore be in favor of the defendant."

The verdict was for the defendant.

The defendant sued out a writ of error and assigned for error the striking off the judgment and the charge of the court.

*J. H. Weiss*, for plaintiff in error.—Judgment may be taken for want of an affidavit of defence on an obligation for the performance of a collateral condition: 1 Tr. & H. Pract.· 369, 371; Harres v. Commonwealth, 11 Casey 416; Baker v. Olwyne, 2 Miles 404; Watkins v. Phillips, 2 Whart. 210. Entering such judgment is to be tested by the affidavit of defence, not by the claim : Dewey v. Dupuy, 2 W. & S. 553; Bank U. S. v. Thayer, Id. 447. The report of the auditors is conclusive against the sheriff and his sureties: Blackmore v. Alleghany Co., 1 P. F. Smith 160.

*M. W. McAlarney* and *D. Mumma* (with whom were *J. W. Simonton* and *R. A. Lamberton*), for defendant in error.—Bonds with collateral conditions are not within the affidavit of defence law : Boas v. Nagle, 3 S. & R. 250; Commonwealth v. Steelman, 2 Miles 405; McFate v. Shallcross, 1 Phila. R. 40. Plaintiff on a sheriff's recognisance must *prove* damage from the officer's official misconduct : Commonwealth v. McCoy, 8 Watts 153; McCoy v. Reed, 5 Id. 300; Commonwealth v. Reynolds, 17 S. & R. 369; Blue v. Commonwealth, 4 Watts 216; McMicken v. Commonwealth, 8 P. F. Smith 214.

The auditor's report is not conclusive on the sheriff and his sureties.: Irish v. Commonwealth, 3 Binn. 96. The balance found due is not within the condition of the recognisance : Commonwealth v. Swope, 9 Wright 535.

The opinion of the court was delivered, July 2d 1873, by

SHARSWOOD, J.—The court below committed no error in striking off the judgment entered for want of an affidavit of defence. The recognisance sued upon was certainly not one of those specified in the rules of court, nor was it a record for the payment of money, but for the performance of collateral conditions. Harres v. The Commonwealth, 11 Casey 416, does not support the contention of the plaintiffs in error, that a recognisance of this character is within the meaning of such a rule. That·was an action in the Quarter Sessions upon a forfeited recognisance for the appearance of a party. There was a rule of the court for an affidavit of defence specially on such recognisances. The main question was, had the court power to make such a rule? It is true that Mr. Justice Thompson expresses the opinion that such a recognisance

is an instrument for the payment of money. It is to be remembered that it was under the Act of April 22d 1846, Pamph. L. 477. Primâ facie the whole sum named is forfeited and recoverable. The court may, on equitable grounds, respite or relieve from the forfeiture. The decision, therefore, has no bearing upon the case now before us. We think the learned judge was right, also, in holding that the scire facias did not allege what amounted to any breach of the condition. This was that the sheriff should well and truly serve and execute all writs and process, and from time to time, upon request, pay or cause to be paid to the several suitors and parties interested in the execution of such writs and process, all sums of money to them belonging, and well and faithfully execute and perform all and singular the trusts and duties to the said office appertaining. The scire facias alleged that the defendant did not well and faithfully execute and perform all and singular the trusts and duties to the said office appertaining lawfully, in this, that he did at sundry times during his official term, unlawfully obtain from the said county, from and through her officers, divers sums of money, in excess of all moneys and fees, which, by the laws in force within this Commonwealth, he was entitled to obtain and receive as sheriff. In other words, it is a claim to recover back, under the recognisance, an overpayment made to him by the county treasurer, by the order of the county commissioners. No doubt the sheriff is personally liable to the county in an action for money had and received. But how is his neglect or refusal to pay the debt, which he owes, any violation of his official duties ? It was altogether an illegal act on the part of the county commissioners to draw orders for such payments. No limits can be assigned to the liabilities of the sureties if such a construction of the condition of the recognisance should be supported. They might as well be held responsible if the sheriff should break into and rob the fireproof in the office of the county treasurer.

As, however, no affidavit of defence was filed in the court below, reliance is now placed upon the determination in The Philadelphia Savings Institution *v.* Smith, 10 Barr 13. It was there held that if no affidavit of defence has been filed, a judgment will not be reversed because the instrument, a copy of which was filed, was not such as under the Act of Assembly of March 28th 1835, Pamph. L. 89, entitled the plaintiff to judgment. That decision certainly took the profession by surprise, and in the District Court of Philadelphia, it was the subject of frequent reference and discussion. That court then resolved to consider it as a rule of practice in error merely, not therefore a rule for their guidance. Indeed the short per curiam opinion in that case appears, in conclusion, to rest it upon that ground. " The judge is not bound to look at the cause of action till he has been possessed of the affidavit of defence ; and it is not our business to reverse his judgment for an error

which he did not commit." But even as a rule of practice in error it is anomalous. Wherever upon the face of the record there appears no ground for a lawful judgment, the court of errors will reverse. Thus if the declaration shows no cause of action, though there has been no demurrer or motion to arrest the judgment in the court below: Hoffer v. Wightman, 5 Watts 205; Clay v. Irvine, 4 W. & S. 232. The Acts of Assembly or the rules of court— and without either the court could give no judgment without an issue of law—or an issue of fact tried by a jury, when the defendant has appeared—only authorize such judgments in special cases, when copies of instruments of a particular description are filed, or set forth in the writ, and a judgment upon an instrument not of this character is no more warranted than if there had been none at all filed or suggested. A plaintiff might otherwise obtain judgment upon a paper not purporting to be signed by the defendant, but by somebody else. The case of The Saving Institution v. Smith, has been silently disregarded in more than one subsequent determination in which if applied as the rule of practice it would have prevented a reversal. In Dewart v. Masser, 4 Wright 302, there was a judgment under a rule of court. No affidavit was filed, and the judgment was reversed in this court on the ground that the copy filed was not of an instrument of writing for the payment of money within the terms of the rule. Mr. Justice Strong said: "A judgment was signed in the court below, for want of an affidavit of defence, avowedly according to rule, and the question now is whether such a judgment was authorized by any rule of the court. If the plaintiff's claim was not within the rule, then the defendant was in no default for not having filed an affidavit, and the prothonotary had no authority to sign judgment. So, if no cause of action was set out in the declaration, and a declaration was requisite, there is nothing to sustain a judgment." The fact that under the rule, the judgment was signed by the prothonotary made no difference. His act was the act of the court. So in Eshelman v. Thompson, 12 P. F. Smith 495, under an Act of Assembly for Indiana county, no affidavit had been filed. The judgment was reversed because the copy of the lease filed was not an instrument of writing for the payment of money. Besides, if the defendant is compelled to file an affidavit in such cases, he will be required to swear to a mere point of law, of which he is generally incompetent to form an opinion.

If the learned judge was right, as we hold that he was, in the opinion that the breach alleged in the scire facias was not within the terms of the recognisance, the question as to the report of the auditors became entirely immaterial. Whether that report had the effect of a judgment and was conclusive upon the sheriff of such an amount owing by him, might be very material in another form of action, but as it showed on its face that he was charged, not

with anything for which he was liable officially,—it had nothing to do with the issue. What the judge said in his charge to the jury, whether right or wrong, therefore, did the plaintiffs in error no injury of which they have any right to complain.

Judgment affirmed.