# Catherine Toomey, Appellant, *v.* Joseph Rosansky and Mary Rosansky.

*Judgment—Collateral attack.*

Unless a judgment is void on its face, it cannot be collaterally attacked
after execution upon exemplification filed in another county.

*Judgment against married woman—Presumption of validity.*

It is no longer necessary to the validity of a judgment against a married
woman to set out the facts which, before the act of 1887, were necessary
to give the judgment validity.

The transcript of a judgment of a justice of the peace against husband
and wife for necessaries sold and delivered to defendants is not defective
so as to render judgment void because the transcript does not set forth in
terms the fact that the wife contracted to pay for said goods as required
by the act of 1848.

Argued April 20, 1899. Appeal, No. 207, April T., 1899, by
plaintiff, from judgment of C. P. Westmoreland Co., Aug. T.,
1897, No. 244, on verdict for defendant. Before RICE, P. J.,
BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and
BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Ejectment.  Before McCONNELL, J.

It appears from the record that in November, 1893, a judgment was obtained against Conrad and Kate Toomey, his wife, before an alderman of Pittsburg.  The following is a copy of the transcript of the judgment:

" J. H. Dean and C. F. Marshall, late partners as Dean and Marshall now for use of W. W. Whitesell

vs.

Conrad Toomey and Kate Toomey his wife in right of said wife

Judgt.,                $230.00
Int. from Nov. 3, 1893,
Costs, 3 85      Paid
                          by
Trans.,   50  J W.W.Whitesell

Summons in assumpsit not exceeding $300 issued Oct. 28, 93 to John Groetzinger or next Constable.  Returnable to Nov. 3, 1893, between the hours of 10 A. M. and 11 A. M. Summons returned served on oath, by producing the original summons, and leaving true copy thereof with an adult at the residence of the defts. the 28th day of Oct.  So answers, W. H. Sherry, Constable.

" And now, Nov. 3, 1893, at 11 A. M. parties appear for plff. J. H. Dean sworn claims the sum of $230.00 due to the plff. by the deft. on book acct. for groceries sold and delivered to the defts. the said goods being necessaries of life ordered by the deft. Kate Toomey for the use of defts. family.  Acct. produced and proven and now, after hearing the proof and allegations judgment entered publicly in favor of the plffs. and against defts. for the sum of $230.00 and costs for suit.

" And now, Dec. 11, 1893, execution issued to John Groetzinger, Constable returnable Dec. 31, 1893.  And now, execution returned ' No goods.'

" So answers,

" JOHN GROETZINGER,

" Constable.

" CITY OF PITTSBURG, SS.

" I certify that the above is a correct Transcript of the Proceedings had before me in the above suit, and of record on my docket.

" Witness my hand and seal, at Pittsburg this 6th day of January A. D. 1894.

" JOHN GRIPP,        [SEAL]
" Alderman."

The transcript having been filed in the prothonotary's office in Allegheny county an exemplification of the record was filed in the prothonotary's office at Westmoreland county.   Under execution issued, title in possession became vested in the defendants in this case against whom Catherine Toomey, the plaintiff, brought her action of ejectment.

At the trial the plaintiff submitted the following points:

[1. The alleged judgment, under which defendants claim title, being void upon its face, your verdict shall be for the plaintiff for the premises described in the writ, with six cents damages and costs.   *Answer:* That is refused, for the reasons already indicated.]   [1]

[2. The executions issued upon the alleged judgment under which defendants claim title, being in violation of the act of assembly, are of no validity to convey title, and your verdict must be for the plaintiff for the premises described in the writ, with six cents damages and costs.   *Answer:* That is also refused.]   [2]

[3. The judgment, as evidenced by the transcript in suit, sets forth a state of facts which shows that the plaintiff in this case incurred no liability.   *Answer:* That is refused.]   [3]

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1–3) refusal of plaintiff's points, reciting same.

*Jas. L. Kennedy*, with him *Luke Lonergan*, for appellant.— The only act of assembly authorizing the taking of the separate estate of the wife for a debt for family necessaries is that of April 11, 1848, P. L. 536.

His wife is not liable unless she expressly undertakes to become so.   Her undertaking is never presumed, but must be shown affirmatively: Moore v. Copley, 165 Pa. 294.

If merely ordering the necessaries is sufficient to make a wife liable, what wife would escape?   Common experience teaches that almost invariably the wife orders the family necessaries. Unless the wife contracts for them she is not liable, and the husband is primarily liable, even though the wife does contract: Roll v. Davison, 165 Pa. 392.

Of course, if I order a law book, I impliedly contract to pay

for it. Or, if a married woman orders a race horse, she impliedly contracts to pay for it, since her power to contract is general. But when she orders family necessaries, it is settled beyond question that she does not thereby contract to pay for them, but is merely acting as the agent of her husband. To support this judgment against Mrs. Toomey, the court will have to read into this record the word contracted.

The judgment is void upon its face for want of jurisdiction. "Jurisdiction is not only the power to hear and determine, but also the power to render the particular judgment entered in the particular case:" 12 Am. & Eng. Ency. of Law, 244; Wall v. Wall, 123 Pa. 545; McKinney v. Brown, 130 Pa. 365; Murdock v. Wasson, 158 Pa. 295.

When, therefore, the record shows that certain steps were taken to procure jurisdiction, and those steps are insufficient, the judgment is void for want of jurisdiction over the defendant or subject: Hering v. Chambers, 103 Pa. 172; Wall v. Wall, supra; Black on Judgments, sec. 277; Freeman on Judgments, secs. 124, 125.

The judgment being void upon its face, is no judgment, and may be attacked at any time or place: Pantall v. Dickey, 123 Pa. 431; Rea v. Titman, 14 Pa. C. C. 621; Black on Judgments, sec. 170.

We earnestly submit that the executions issued were in violation of the act of assembly. There is no record of an execution being first had against the husband; no record of an alias execution. It is well known that in the ordinary judgment a vend. ex. issuing without a fi. fa. having been issued, conveys no title, and the sheriff's sale is void. The present case is akin to that proceeding: Gardner v. Sisk, 54 Pa. 506.

The execution must follow the judgment, and be warranted by it: Griffin v. Davis, 6 Pa. Superior Ct. 481; Beck v. Church, 113 Pa. 200; Kunselman v. Stine, 183 Pa. 1; Mitchell on Real Estate and Conveyancing, 494, 495.

This exact question was decided in Cole v. Kolb, 5 Kulp, 413. It was held in that case, an action of ejectment, that the return of nulla bona is not sufficient.

*V. E. Williams*, for appellee, submitted no paper-book.

OPINION BY BEAVER, J., October 9, 1899 :

A judgment on a transcript from an alderman against Conrad Toomey and Kate Toomey, his wife, in right of said wife, was entered in the common pleas of Allegheny county. An exemplification of it was filed in the common pleas of Westmoreland county. The land of the defendant, Kate Toomey, in the latter county, was sold by the sheriff to W. W. Whitesell, whose title thereto was subsequently conveyed to the defendants who were in possession. In the trial of an ejectment brought by Catherine Toomey, it was contended that the original judgment before the alderman, entered in the common pleas of Allegheny county, was void and that all subsequent proceedings thereon in Westmoreland county were without validity.

The only practical question raised by the several specifications of error relates to the validity of the original judgment. If, as claimed by the appellant, it was void from the beginning, the appellee admits that the proceedings based thereon were a nullity. The appellee claims that the original judgment was good but that in any event it was only voidable and, if so, the application to avoid it must be made in the county where the judgment was originally entered. The transcript of the alderman sets forth : " And now, November 3, 1893, at 11 A. M., parties appear for plaintiff. J. H. Dean sworn claims the sum of $230.00 due to the pltff. by deft. on book acct. for groceries sold and delivered to the defts., the said goods being necessaries of life ordered by the deft., Kate Toomey, for the use of defts.' family. Acct. produced and proven and now, after hearing the proof and allegations, the judgment entered publicly in favor of the pltffs. and against defts. for the sum of $230 and costs for suit." The appellant claims that this judgment is void for the reason that the transcript does not set forth in terms the fact that the defendant, Catherine Toomey, contracted to pay for said goods, as required by the Act of April 11, 1848, P. L. 536, and the construction thereof by our Supreme Court in numerous cases. It is to be remembered, however, that at the time of the passage of this act a married woman was not allowed to make a contract for any purpose, except in the exceptional case provided for therein. The status of a married woman has been completely changed since that day, particularly by the acts of 1887 and 1893. She now has the power to make a contract

in all ordinary cases, except as provided for in the said acts, as if she were a feme sole. In Abell v. Chaffee, 154 Pa. 254, it was said in reference to the act of 1887 : " The authorities which were applicable to questions arising before the passage of that act are entirely inapplicable now. The judgment of a married woman which was then presumably void is now presumably valid. It is no longer necessary to such validity to set out on the record the facts which, before the act, were necessary to give the judgment validity." If the judgment were held to be void, it would be necessary to presume that the record of the alderman contains all the evidence of a contract on the part of the defendant, Catherine Toomey, which was taken before him. In other words, that there was no evidence of a contract on her part to pay for the goods ordered by her. This we cannot do. The judgment is presumably valid and, if it be no longer necessary to set out on the record the facts which before the act of 1887 were necessary to give the judgment validity, we see no difficulty whatever in regard to this case. In Hogan's Estate, 181 Pa. 500, 516, the transcript of the alderman upon which a judgment was entered in the common pleas was as follows : " Plaintiff, by his attorney, claims $230.25, balance due on book account for groceries, etc., sold and delivered to defendants. Demand $230.25. Defendants do not appear. On hearing plaintiff's proof, etc., judgment publicly for the plaintiffs and against defendant by default for $230.25 debt, being for necessaries for family, and costs of suit." This was held to be a valid judgment and, in the distribution of the assigned estate of the wife, was paid.

We can see no essential difference between the latter case and the one under consideration. So far as the proceedings in Westmoreland county were concerned, the judgment was valid. If the plaintiff in the ejectment had desired to contest its validity, she should have done so in the court in which it was entered originally. Unless the judgment were absolutely void upon its face, it could not be attacked collaterally in this proceeding. All the late authorities fully sustain the rulings of the court below.

Judgment affirmed.