Roberts, Appellant, *v.* Gibson.

Argued December 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*J. Leon Rabben,* for appellant.

*Herman Blumenthal,* for appellees.

OPINION BY JACOBS, J., March 20, 1969:

Appellant Marion S. Roberts filed a complaint in ejectment for premises No. 10 Pomona Street in Philadelphia and requested damages for detention. After trial before the court without a jury, the Honorable BERNARD J. KELLEY returned a verdict for the appellant for possession but denied damages. The appellees filed exceptions to that part of the verdict awarding possession to appellant. After argument, the trial judge sustained the exceptions and by order dated July 9, 1968, denied appellant's claim for possession. That order is before us for consideration. We reverse.

A review of the events leading up to the ejectment action is necessary for an understanding of the case. Lenerte Roberts, appellant's husband, is a real estate broker in Philadelphia. Apparently appellees had some dealings with Mr. Roberts and in 1958 they filed a complaint with the Pennsylvania State Real Estate Commission charging him with certain violations of the Real Estate Brokers License Act of 1929, 63 P.S. §431 et seq. The commission issued a citation to show cause why Roberts' brokerage license should not be suspended or revoked. Roberts engaged counsel and defended against this citation. The Real Estate Commission dismissed the complaint and Roberts' license was at no time suspended.

In 1962 Roberts brought a trespass action against the appellees based on their action in filing a complaint with the Real Estate Commission. The complaint charged them with malicious prosecution, malicious use of process and malicious abuse of process. A default judgment for the plaintiff was entered for defendants' failure to enter an appearance or file an answer. Damages of $1500 were subsequently assessed

by the court. A writ of execution was issued on the judgment and appellees' property, against which the instant ejectment proceeding was brought, was sold by the sheriff on August 2, 1965. The property was purchased by the attorney on the writ for $600. The sheriff's deed is dated April 4, 1966, and Marion S. Roberts, wife of the execution creditor and appellant herein, is named as grantee.

Appellant based her claim for possession on the sheriff's deed. After exceptions to the finding in appellant's favor were filed, the court below went behind the sheriff's deed and examined the judgment upon which the execution was grounded to determine the ejectment action. Such an attack on a sheriff's sale usually cannot be made in a collateral proceeding. In *Caplan v. Kent*, 366 Pa. 87, 76 A. 2d 764 (1950), it was held that a sheriff's return, regular on its face, could not be attacked collaterally in a bill in equity to quiet title. "Confirmation of a sheriff's deed cures irregularities and defects, which make the sale voidable . . . but not such fatal defects as render it void; and lack of power in the sheriff to make the sale is a fatal defect. . . ." *McLanahan v. Goodman*, 265 Pa. 43, 49, 108 A. 206, 208 (1919). In *Mencke v. Rosenberg*, 202 Pa. 131, 136, 51 A. 767, 769 (1902), the court said in reference to an ejectment action: "This is a proceeding collateral to that under which the land was sold. The acknowledgment of the sheriff's deed passed a valid title to the purchaser unless there was fraud or want of authority in the sale." After reiterating this rule in *Knox v. Noggle*, 328 Pa. 302, 196 A. 18 (1938), the court added: "The distinction is . . . between irregularities in the proceedings, misdescriptions of the property, the sale of several tracts as an entirety, defect of title, and similar objections, on the one hand, all of which are foreclosed as defenses by delivery of the sheriff's deed, and, on the other, attacks upon the

sale on the ground that it was unauthorized, or vitiated by fraud, in which cases the right of redress survives such delivery." 328 Pa. at 304, 196 A. at 19-20.

No fraud is alleged in connection with the present sale and it cannot be set aside in this collateral proceeding unless the sheriff lacked authority to make the sale or the judgment upon which the execution was based was void on its face. Examples of lack of authority in the sheriff are found in *McLanahan*, supra, in which the sheriff sold land outside the borders of his county, and *Mencke*, supra, in which the sheriff sold land on a lien void because entered within four months of a bankruptcy. We must examine the face of the record, which in this case consists of the judgment and the complaint upon which it was entered, to determine the sheriff's authority and the validity of the judgment.

Precedent for this approach is found in *Toomey v. Rosansky*, 11 Pa. Superior Ct. 506 (1899). In that case, after a judgment was entered in Allegheny County, an exemplification of it was filed in Westmoreland County and defendant's land was sold on the exemplified judgment. The defendant argued that the judgment in Allegheny County was void and hence invalidated the proceeding in Westmoreland County. We examined the original judgment and determined that it was not absolutely void on its face and that it could not be attacked in the ejectment proceeding. Our approach to this case is similar—we will examine the judgment on which this sale was made.

Although plaintiff Roberts described his trespass action by various names, it was an action for malicious use of civil process.[1] While the action has not

---

[1] To be properly designated malicious prosecution, the case should involve the use of criminal process. For the distinction between malicious use of process and malicious abuse of process,

been so limited in all jurisdictions, to date in Pennsylvania no recovery has been allowed for malicious use of process unless there was some interference with the plaintiff's person or property in the earlier litigation. See *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 32 A. 2d 413 (1943) ; *King v. Bernstein*, 199 Pa. Superior Ct. 180, 184 A. 2d 510 (1962). Roberts' complaint contains no allegation of interference with his person, and although appellant claims there was an interference with her husband's "property," none is apparent as that term has been defined in our cases. The appellant refers to the complaint's allegations that the charges filed with the real estate commission interfered with the good will of Roberts' business and his status as a duly licensed real estate broker. He claimed that this interference caused him embarrassment and loss of prestige and that he had to neglect his business to defend against the charges. Under an old case, however, the plaintiff's property must have been *seized* for an action of malicious use of process to lie. See *Mayer v. Walter*, 64 Pa. 283 (1870). There is no allegation that Roberts' property was seized by attachment or otherwise, or even that his license was suspended pending disposition of the charges against him.

We need not decide, however, whether the appellees' initiation of proceedings against Roberts before the real estate commission provides a sufficient basis for an action for malicious use of process. Determination of that issue is unnecessary because even if the complaint failed to state a valid cause of action, we hold that the default judgment entered thereon is merely voidable and cannot be collaterally attacked in this ejectment action.

see *Mayer v. Walter*, 64 Pa. 283 (1870) ; *Dumont Television & Radio Corp. v. Franklin Elec. Co.*, 397 Pa. 274, 154 A. 2d 585 (1959).

To entitle a plaintiff to a default judgment in a trespass action for want of an appearance or failure to file an answer, the plaintiff's complaint must be self-sustaining. *Downes v. Hodin*, 377 Pa. 208, 104 A. 2d 495 (1954). "[T]o entitle a plaintiff to judgment for want of an affidavit of defense or a sufficient affidavit of defense all the essential ingredients of a complete cause of action must affirmatively appear in the statement and exhibits which are made a part thereof." *Richey v. Gibboney*, 154 Pa. Superior Ct. 1, 6, 34 A. 2d 913, 915 (1943). When a judgment is entered by default for failure to file an affidavit of defense and a motion to strike the judgment is made, a motion directed to irregularity apparent on the face of the proceedings, this court's duty is to inquire whether the statement contains averments of fact necessary to sustain the action. *Redington Hotel v. Guffey*, 148 Pa. Superior Ct. 502, 25 A. 2d 773 (1942). "Wherever upon the face of the record there appears no ground for a lawful judgment, the court of errors will reverse." *Commonwealth v. Hoffman*, 74 Pa. 105, 111 (1873).

In all the foregoing cases a direct attack was made on the judgment by motion to strike or open. It is thus apparent that a default judgment entered on a complaint which is not self-sufficient is voidable and may be directly attacked. See *Rosser v. Cusani*, 97 Pa. Superior Ct. 255 (1929). On the other hand, a default judgment that is not reversed or vacated through some means of direct attack is as valid as a judgment entered after trial on the issues. See *Stradley v. Bath Portland Cement Co.*, 228 Pa. 108, 77 A. 242 (1910); *Exler v. Wickes Bros.*, 263 Pa. 150, 106 A. 233 (1919). Assuming that this complaint fails to state a cause of action, the question becomes whether the default judgment entered thereon is so defec-

tive that it is void on its face and can be impeached collaterally in an ejectment action. If the judgment is void, the sheriff's sale resulting from the execution issued on the judgment would be a nullity and could not support the ejectment action. If the default judgment is merely voidable, however, it could not be reached collaterally and any defects or irregularities would be cured by the sheriff's sale and deed.

No Pennsylvania case which considered this precise question has been cited to us or has otherwise come to our attention. Those commentators and courts that have spoken to the issue, however, agree that this default judgment is not void and cannot be collaterally attacked. For a judgment to be void on its face, one or more of three jurisdictional elements must be absent: the court's jurisdiction of the parties; the court's jurisdiction of the subject matter; or the power or authority to render the particular judgment. 1 Freeman, Judgments §226 (5th ed. 1925). The court's jurisdiction of the parties and subject matter in this case has not been questioned, and it is clear that the prothonotary can enter judgment against the defendant for want of an appearance or pleading to the complaint with the same effect as if moved for in open court. See Pa. R. C. P. 1047(a); Act of April 22, 1889, P. L. 41, §1, 12 P.S. §731. Although pleadings bear a direct relation to jurisdiction, by presenting the controversy to the court and empowering it to proceed in the case, jurisdiction does not depend upon the sufficiency of the statement of the cause of action pleaded or its adequacy to justify the relief sought. See 1 Freeman, supra, at §365. It is of no importance collaterally whether the complaint states a cause of action providing it discloses a subject matter within a class over which the court's power extends. Id. It cannot be controverted that the court (and hence the prothonotary)

which rendered the judgment involved in this appeal had the power to act on a trespass action for malicious use of process.

Accordingly, when the foregoing jurisdictional prerequisites have been met, the prevailing view is that a default judgment is not void and cannot be impeached collaterally by showing that the complaint did not contain averments or allegations sufficient to constitute a cause of action if (1) the complaint contained sufficient matter to challenge judicial inquiry as to its merits; (2) the complaint adequately apprised the defendant of the nature of the plaintiff's demand; and (3) the judgment is within the relief demanded. See *Smith v. Smith*, 40 Cal. 2d 461, 254 P. 2d 1 (1953); *Brown v. Superior Court*, 242 Cal. App. 2d 519, 51 Cal. Rptr. 633 (1966); *Linville v. Chenoweth*, 119 Ind. App. 515, 84 N.E. 2d 473 (1949); *Brumbaugh v. Wilson*, 82 Kan. 53, 107 P. 792 (1910); 3 Freeman, Judgments §1297 (5th ed. 1925); 49 C.J.S. Judgments §430 & nn. (1947); 30A Am. Jur. Judgments §866 (1958); L.R.A. 1916E 316. See also *Herron v. Dater*, 120 U.S. 464, 477 (1887). Roberts' complaint in his trespass action against the appellees clearly met each of these requirements.

This default judgment, even though perhaps defective because of its failure to state a valid cause of action under existing Pennsylvania law, cannot be reached collaterally and it is sufficient to support appellant's ejectment action. Further, the law provides adequate remedies for obtaining direct relief from defective default judgments, and appellees failed to avail themselves of that opportunity for an extended period of time.

Order reversed and judgment for possession here entered for the appellant.