**Fannie Mae v. Ferraro**

*Robert P. Wendt,* for plaintiff.
*Thomas W. Leslie,* for defendants.

COX, *J.,* November 20, 2009—Before the court for disposition is the motion for summary judgment filed on behalf of the plaintiff Fannie Mae, which argues that the plaintiff has a right to immediate possession of the property and the defendants' counterclaim should be dismissed as it is an improper collateral attack of a valid sheriff's sale.

The plaintiff has filed this action in ejectment against Janet M. Ferraro, deceased, or the occupants of 314 Roberts Lane, New Castle, Lawrence County, Pennsylvania. Carl D'Augostine and Linda D'Augostine (occupants) are the current occupants of the property in question. The plaintiff has averred that a valid sheriff's sale occurred after foreclosure proceedings and the occupants did not file any objections to the sheriff's sale;

thus, the plaintiff is entitled to possession of the property. The occupants filed an answer, new matter and counterclaim to the plaintiff's complaint averring counterclaims for breach of contract and specific performance, which arose from negotiations with the plaintiff to purchase the property prior to the sheriff's sale. The occupants claim that the parties reached an agreement regarding the purchase of the property. However, the plaintiff proceeded with the sheriff's sale and, as a result, the plaintiff became the record owner of the property through a sheriff's deed recorded in the Office of the Recorder of Deeds of Lawrence County on April 2, 2008. The plaintiff has demanded possession of the property, but the occupants refuse to vacate the premises.

The plaintiff filed the current motion for summary judgment alleging that the occupants have attempted to improperly challenge a valid sheriff's sale through a counterclaim in a collateral proceeding. Conversely, the occupants admit that the sheriff's sale was valid, but claim they are entitled to possession of the property because the parties reached an agreement where the occupants would purchase the property. The occupants argue the plaintiff breached that agreement when it proceeded with the sheriff's sale.

The purpose of the summary judgment rule is to eliminate cases prior to trial where a party cannot make out a claim or defense after the relevant discovery has been completed. *Miller v. Sacred Heart Hospital,* 753 A.2d 829 (Pa. Super. 2000). Summary judgment may be granted only in cases where it is clear and free from doubt that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment

as a matter of law. *Kafando v. Erie Ceramic Arts Co.,* 764 A.2d 59, 61 (Pa. Super. 2000) (citing *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648, 650-51 (Pa. Super. 1999). The moving party bears the burden of proving the non-existence of any genuine issue of material fact. *Kafando, supra.* A material fact, for summary judgment purposes, is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662 (Pa. Super. 2000). The non-moving party must adduce sufficient evidence on issues essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company,* 544 Pa. 93, 674 A.2d 1038 (1996), *reargument denied,* (1996), *certiorari denied,* 519 U.S. 1008 (1996). The non-moving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. *DeSantis v. Frick Company,* 745 A.2d 624 (Pa. Super. 1999).

When determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 762 A.2d 339 (2000). Summary judgment is proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *P.J.S. v. Pennsyl-*

*vania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 176 (1999).

Only when the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment. *Basile v. H&R Block Inc.,* 563 Pa. 358, 761 A.2d 1115 (2000). If there are no genuine issues of material fact in dispute or if the non-moving party has failed to state a prima facie case, summary judgment may be granted. *Dudley v. USX Corporation,* 414 Pa. Super. 160, 606 A.2d 916 (1992). Thus, a proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense. *Rauch v. Mike-Mayer,* 783 A.2d 815 (Pa. Super. 2001). The trial court must confine its inquiry when confronted with a motion for summary judgment to questions of whether material factual disputes exist. *Township of Bensalem v. Moore,* 152 Pa. Commw. 540, 620 A.2d 76 (1993). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 579 A.2d 1358 (1990).

The sole issue presented to the court in this motion for summary judgment is whether it is proper for the occupants to assert their claims for breach of contract and specific performance as counterclaims to the plaintiff's ejectment action or if that is an improper collateral attack on a valid sheriff's sale.

It is well-established that the underlying judgment and sheriff's sale cannot be attacked in a collateral proceeding. *Roberts v. Gibson,* 214 Pa. Super. 220, 222, 251 A.2d

799, 800 (1969). An ejectment action is collateral to the proceeding in which the land was sold. *Dime Savings Bank FSB v. Greene,* 813 A.2d 893, 895 (Pa. Super. 2002) (citing *Mencke v. Rosenberg,* 202 Pa. 131, 51 A. 767, 769 (1902)). "[W]here it is claimed that the underlying default judgment is merely voidable, that claim will not be entertained because such a judgment cannot be reached collaterally." *Id.* (citing *Roberts v. Gibson,* 214 Pa. Super. 220, 251 A.2d 799 (1969)). A void judgment may be attacked in an ejectment action as a void judgment would render the sheriff's sale a nullity. *Id.* (citing *Brokans v. Melnick,* 391 Pa. Super. 21, 569 A.2d 1373, 1376 (1989)). "A sheriff's sale, in a collateral proceeding such as this was, is open to attack on one or other of two grounds—fraud, or want of authority in the officers making the sale." *Keystone Collieries v. Mudge,* 256 Pa. 130, 134, 100 A. 526, 527 (1917) (citing *Shields v. Miltenberger,* 14 Pa. 76 (1850)).

In the current matter, the plaintiff is correct by stating that the judgment and the sheriff's sale cannot be collaterally attacked by the occupants' counterclaims. However, the occupants are not claiming that the underlying judgment was void and they readily admit that the sheriff's sale was valid. They are claiming that the plaintiff breached an agreement to sell them the property in question when the plaintiff proceeded with the sheriff's sale. Thus, the counterclaims are not attacking the underlying judgment or the sheriff's sale. The court must now decide if the counterclaims asserted by the occupants are appropriate in this case.

Pa.R.C.P. 1056 provides that a party may file a counterclaim in an action for ejectment which "arises from

the same transaction or occurrence or series of transactions or occurrences from which the cause of action arose." This rule was analyzed in *Hessler v. School Directors of Gamble Township*, 79 D.&C. 47 (Lycoming Cty. 1952). In that case, the plaintiff filed an action in ejectment to remove the defendant from a former school house as the defendant relocated the school and no longer used the property to educate students. It must be noted that the conveyance to the defendant required that the tract of land revert back to the plaintiff in the event that the school house was removed. The plaintiff averred that the school house was relocated and the defendant was occupying the property unlawfully. Defendant filed an answer alleging that it still utilized the property for school purposes and filed a counterclaim contending that the plaintiff entered the property unlawfully and destroyed defendant's blackboards and seats. The plaintiff filed preliminary objections contending that the defendant's counterclaims violated Pa.R.C.P. 1056.

The *Hessler* court explained that the plaintiff's cause of action arose from the defendant's unlawful occupation of the school house in question; thus, the counterclaim based on the right of possession to the same school house arose from the same transaction or occurrence as the original action in conformance with Pa.R.C.P. 1056. *Id.*, 79 D.&C. at 48. As a result, the court dismissed the plaintiff's preliminary objections to the defendant's counterclaim.

In the case sub judice, the occupants' counterclaims arise from the same transaction or occurrence as the underlying action for ejectment. The occupants are claiming that the plaintiff breached an agreement to sell them

the property, which would satisfy the underlying debt that was foreclosed upon prior to the entry of judgment and eventual sheriff's sale. However, the plaintiff completed the sheriff's sale, in violation of that alleged agreement. Now, the plaintiff filed this action in ejectment to remove the occupants from the property as a result of the sheriff's sale. The occupants have filed a counterclaim requesting specific performance to sell them the property in accordance with the terms of the alleged agreement reached prior to the sheriff's sale. As in *Hessler,* the occupants' counterclaims arose from the issue of lawful possession of the property in question and are valid counterclaims in accordance with Pa.R.C.P. 1056.

As a result, there is a genuine issue of material fact regarding lawful possession of the property. It would be premature for the court to declare as a matter of law that the plaintiff is entitled to possession of the property because the occupants still have valid counterclaims that could alter the determination of lawful possession of the property. Therefore, the occupants have articulated a genuine issue of material fact regarding the lawful possession of the property and the court determines that summary judgment is inappropriate at this time.

For the reasons set forth in this opinion, the plaintiff's motion for summary judgment is denied.

## ORDER

Now this November 20, 2009, this case being before the court on October 26, 2009, for oral argument on the motion for summary judgment filed by the plaintiff, with

counsel for both parties appearing, the plaintiff, represented through counsel, Robert P. Wendt, Esquire and the defendant occupants, Carl D'Augustine and Linda D'Augustine appearing through counsel, Thomas W. Leslie, Esquire and after consideration of the arguments and briefs presented and submitted by counsel and a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

(1) In accordance with the attached opinion, the motion for summary judgment filed by the plaintiff is hereby denied.

(2) The prothonotary is directed to serve a copy of this order of court and opinion upon counsel of record, Robert P. Wendt, Esquire and Thomas W. Leslie, Esquire.