J-S23026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HADDRICK BYRD | : | |
| | : | |
| Appellant | : | No. 2133 EDA 2016 |

Appeal from the PCRA Order Dated June 13, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0317152-1975

BEFORE:  OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                **FILED JULY 14, 2017**

Appellant Haddrick Byrd appeals from the order dismissing his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant was sentenced on January 12, 1976, to life imprisonment for second-degree murder. Appellant appealed directly to the Pennsylvania Supreme Court, which affirmed his judgment of sentence. ***See Commonwealth v. Byrd***, 417 A.2d 173 (Pa. 1980). Appellant filed a petition for collateral relief in 1980.[1] We affirmed the denial of relief under that petition in 1988, and the Pennsylvania Supreme Court denied Appellant's petition for review. ***See Commonwealth v. Byrd***, No. 3024 PHL 1987 (Pa. Super. May 26, 1988) (unpublished memorandum). Appellant filed

---

[1] Appellant's first petition was filed under the Post Conviction Hearing Act, the predecessor of the PCRA.

a second petition in 1994[2]; we again affirmed the trial court's denial of relief on that petition in 1996, and again the Supreme Court denied review. *See Commonwealth v. Byrd*, No. 02795 PHL 94, (Pa. Super. Mar. 12, 1996) (unpublished memorandum), *appeal denied*, 678 A.2d 824 (Pa. 1996).[3]

Appellant's instant petition was filed *pro se* as a petition for writ of *habeas corpus ad subjiciendum* in the Civil Division of the Court of Common Pleas of Philadelphia County in October 2013. In his petition,[4] Appellant claimed that no criminal complaint had been filed at the inception of his

---

[2] The PCRA was in effect at the time of the filing of Appellant's second petition.

[3] The above-mentioned facts were garnered from a very sparse record. We received notice from the Philadelphia County Court of Common Pleas that "The above captioned Common Pleas Court case is missing from the Office of Judicial Records; accordingly, a reconstructed record was prepared from documents retrieved from the CDMS [(the court's Document Management System)] of available scanned court documents and notes of testimony." The scanned documents provided to this Court begin with the PCRA petition filed in 2013, which is currently before us, and the trial court docket, which has effectively no entries prior to 2013. *See also* PCRA Ct. Op., 10/14/16, at 1 n.3. The problem posed by the absence of judicial records is compounded by the fact that Police Department records relating to Appellant also are missing. *See* note 5, *infra*. Because we conclude that we have access to sufficient records to permit us properly to decide this appeal, we shall refrain from further comment on the missing records, except to note our concern. We trust that the Philadelphia court and the Philadelphia police will take all appropriate measures to try to correct this situation.

[4] We do not recount those complaints in Appellant's petition that have not been included in his issues on appeal.

case[5] and that he had never been indicted by a grand jury.[6] According to Appellant, because of these defects, he never received formal notice of the charges against him in this case; the trial court therefore lacked authority to sentence him; his resulting judgment of sentence is null and void; and his incarceration is unlawful. Appellant claims that his conviction and sentence resulted from violations of Sections 9 and 10 of Article I of the Constitution of Pennsylvania and Amendments 6 and 14 of the United States Constitution, which protect a defendant's rights to due process of law. **See** Appellant's Brief at 20.

The petition was transferred to the criminal division, which received it on November 6, 2013. The PCRA court determined that Appellant's *habeas*

---

[5] Appellant made a Right to Know Request in 2015, a copy of which has become part of the certified record in this case due to Appellant's having sent it to the PCRA court. Appellant requested that the Philadelphia Police Department provide him with a copy of his original criminal complaint, arrest report, and affidavit of probable cause. The response from the Philadelphia Police Department is also included in the record: an affidavit signed by an officer states, "At this time, PPD is unable to verify the existence of the requested records, due to the unavailability of [Appellant's] case file in [the] homicide archives." According to the affidavit, Appellant's case file was checked out from the police's archives in 2015 (about five weeks after Appellant made his request) by someone who was identified as a state parole officer. When the officer responding to the Right to Know request attempted to locate the file, she discovered that the name of the supposed state parole officer who allegedly took the file is not recognized by either the city or county branches of the State Board of Probation and Parole.

[6] Appellant's contention that he never was indicted is inconsistent with an assertion made by Appellant in his second PCRA petition, which argued that "amendment of the grand jury's indictment to include the robbery and conspiracy [charges] violated his constitutional right to a fair trial." **See** **Byrd**, No. 02795 PHL 94 at 3.

petition should be treated as a PCRA petition, and that, as such, it was untimely. On August 21, 2015, the PCRA court issued a notice of its intention to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant responded on September 1, 2015. The PCRA court dismissed Appellant's petition on June 13, 2016. Appellant thereafter filed a timely appeal to this Court.

Appellant presents the following issues for our review:

> 1. The PCRA court committed error and abused its discretion in treating appellant's habeas corpus petition under 42 Pa.C.S.A. §§ 6501-6505 as a petition under the PCRA[,] 42 Pa.C.S.A. §§ 9541-9546[,] and dismissing it as untimely filed without an evidentiary hearing when the claim that the judgment is void is not cognizable under the PCRA.
>
> 2. The PCRA court committed error and abused its discretion in failing to address whether the District Attorney's Office perpetrated a fraud on the court in proceeding to trial against the appellant while knowing no formal notice of charges were filed against the appellant and thus the trial court lacked statutory and constitutional authority to proceed in this case and impose a void judgment in violation of due process.

Appellant's Brief at ix.

"[I]n reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Andrews*, ___ A.3d ___, 2017 WL 1290747 at * 3 (Pa. Super. Apr. 7, 2017) (citation omitted).

In its Rule 1925(a) opinion, the PCRA court explained that it treated Appellant's petition for a writ of *habeas corpus* as a PCRA petition for the following reasons:

> The Post Conviction Relief Act states that it "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus." 42 Pa. Cons. Stat. § 9542 (2016). . . . Our Superior Court has explained:
>
>> Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of habeas corpus. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus.
>
> ***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013) (citations and footnotes omitted).
>
>> Instantly, [Appellant] asserted that he was not sent formal charges thus divesting the court of jurisdiction to impose a sentence. [Appellant's] claim of lack of jurisdiction was clearly cognizable under the PCRA pursuant to Section 9543(a)(2)(viii), which states a claim that the conviction or sentence resulted from a proceeding in a tribunal without jurisdiction is eligible for relief under the PCRA. Therefore, [Appellant's] filing was reviewed under the dictates of the PCRA.

PCRA Ct. Op. at 3.

Appellant contends that the PCRA court erred in treating his petition as a PCRA petition because the PCRA does not provide relief for his claim. Appellant claims that Section 9543(a)(2)(viii) is inapplicable to his case

because his challenge is not to the jurisdiction of the PCRA court, but rather to the "power or authority" of that court. **See** Appellant's Brief at 5-6. Appellant differentiates between a jurisdictional claim and a claim regarding a court's power to act. **See id.** at 7.[7]

We agree with the trial court's conclusion that Appellant's claims fall within the purview of the PCRA. The PCRA provides:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction. Except as specifically provided otherwise, all provisions of this subchapter shall apply to capital and noncapital cases.

42 Pa.C.S. § 9542.

---

[7] Appellant relies on **Roberts v. Gibson**, 251 A.2d 799 (Pa. Super. 1969), which, in turn, cites **Riedel v. Hum. Rel. Comm'n of Reading**, 739 A.2d 121, 124 (Pa. 1999). In **Roberts**, this Court determined that a default judgment was not void on its face because jurisdictional requirements were met, even though the complaint did not contain averments or allegations sufficient to give rise to a cause of action. **Roberts**, 251 A.2d at 803. In **Riedel**, the Supreme Court reversed a Commonwealth Court decision that held, *sua sponte*, that the Human Relations Commission of the City of Reading lacked jurisdiction over an unlawful housing practice action. The Supreme Court held that the Commission did have jurisdiction over the action, and that the Commonwealth Court had confused the jurisdiction of the Commission with the question whether the Commission had the power to enforce a challenged city ordinance. **Riedel**, 739 A.2d at 124-25.

Section 9543 specifically provides that among the claims cognizable under the PCRA are those asserting that the conviction resulted from "[a] proceeding in a tribunal without jurisdiction." 42 Pa.C.S. § 9543(a)(2)(viii). While there is a distinction between a court's jurisdiction and its power to act, *see generally Commonwealth v. Mockaitis*, 834 A.2d 488, 495 (Pa. 2003), a claim that the defendant lacked formal notice of the charges against him challenges the Commonwealth's invocation of the jurisdiction of the trial court. In *Commonwealth v. Little*, 314 A.2d 270 (Pa. 1974), our Supreme Court explained:

> Turning, then, to subject-matter jurisdiction, our initial inquiry is directed to the competency of the court to hear and determine controversies of the general class to which the case presented for consideration belongs. In the case at bar the competency of the Court of Common Pleas of Allegheny County, acting through its criminal division, to try a charge of murder and manslaughter is clear beyond question. But to invoke this jurisdiction, something more is required; it is necessary that the Commonwealth confront the defendant with a formal and specific accusation of the crimes charged. This accusation enables the defendant to prepare any defenses available to him, and to protect himself against further prosecution for the same cause; it also enables the trial court to pass on the sufficiency of the facts alleged in the indictment or information to support a conviction. The right to formal notice of charges, guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Section 9 of the Pennsylvania Constitution, is so basic to the fairness of subsequent proceedings that it cannot be waived even if the defendant voluntarily submits to the jurisdiction of the court.
>
> In the case before us, the requirement of notice to the defendant is fully satisfied by the indictment returned by the grand jury. Once the indictment was found, nothing

else was needed to perfect the jurisdiction of the court which accepted Little's plea.

*Little*, 314 A.2d at 272-73 (citations, quotation marks, and footnote omitted); *accord Commonwealth v. Jones*, 929 A.2d 205, 211-12 (Pa. 2007); *Commonwealth v. Serrano*, 61 A.3d 279, 287 (Pa. Super. 2013). Appellant's collateral attack upon his conviction based upon a lack of notice of the charges against him therefore equates to an attack upon the trial court's jurisdiction to sentence Appellant.

In addition, as Appellant's claim is based on a violation of provisions of the Pennsylvania and United States Constitutions that guarantee due process, his petition also is cognizable under Section 9543's provision applicable to "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa. C.S. § 9543(a)(2)(i).[8] As Appellant's claim is eligible for relief under the PCRA, we hold that the PCRA court did not err in treating Appellant's petition for *writ of habeas corpus* as a PCRA petition.

---

[8] Appellant argues that his claim would not fall under Section 9543(a)(2)(i) because lack of notice does not affect the "truth-determining process." Appellant's Brief at 6. However, it is difficult to imagine a defect having a greater effect on the process of determining the truth at trial than a lack of notice to the defendant about the charges against him. The Commonwealth asserts that Appellant's claim would also fall within 42 Pa.C.S. § 9543(a)(2)(vi), which addresses previously unavailable exculpatory evidence. We need not address the applicability of that provision.

After categorizing Appellant's *habeas* petition as a PCRA petition, the PCRA court concluded that Appellant's petition was untimely. The court reasoned:

A PCRA petition, including a second or subsequent petition, must ordinarily be filed within one year of the date the underlying judgment becomes final. 42 Pa. Cons. Stat. § 9545(b)(1)(2016). A judgment is deemed final "at the conclusion of discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa. Cons. Stat. § 9545(b)(3)(2016). In this case, [Appellant's] conviction became final in 1980. The instant petition was filed November 6, 2013, over thirty-two (32) years from the date of finality. Therefore, the petition was patently untimely, and this Court lacked jurisdiction to address the merits.

Despite the one-year deadline, the PCRA permits the late filing of a petition where a petitioner alleges and proves one of the three narrow exceptions to the mandatory time bar under 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii).[5] Outside of these narrow exceptions, Pennsylvania courts have no jurisdiction to address he substantive merits of an untimely petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780 (Pa. 2000).

Here, [Appellant] argued that the court did not have jurisdiction to convict or sentence him due to an alleged lack of charging documents. Although a claim that the court lacked jurisdiction is eligible for relief under the . . . PCRA Section 9543(a)(2)(viii), it must still fulfill the time-bar requirements. These time restrictions are jurisdictional in nature. "If a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Derrickson***, [923 A.2d] 466, 468 (Pa. Super. 2007) (citations omitted). Despite [Appellant's] argument that his claim was not waivable, it did not constitute an exception to the timeliness requirements. Since [Appellant] did not invoke one of the exceptions to

the timeliness provision, the PCRA court lacked jurisdiction to address the merits of his untimely PCRA petition.

_____
[5] 42 Pa. Cons. Stat. § 9545(b)(1) reads in full: "(i) The failure to litigate a claim was the result of government interference; (ii) the facts upon which the claim is predicated were not known to the petitioner and could [not] have been ascertained in the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

PCRA Ct. Op. at 3-5.

Appellant does not assert that he meets one of the three exceptions to the time bar. Instead, Appellant argues that his petition was not filed more than one year after his judgment of sentence became final, **because his judgment of sentence never became final**. Appellant posits that because the trial court lacked jurisdiction over Appellant's case,[9] it lacked authority to enter judgment against him. Therefore, Appellant's judgment of sentence is "without force or effect," and cannot trigger the timeliness requirements of the PCRA. **See** Appellant's Brief at 2, 8-10, 19-21.

Appellant's argument misconstrues the PCRA. The statute demands that a petition be filed within one year of the entry of a final judgment

_____
[9] We recognize the incongruity between Appellant's argument that he falls outside the purview of the PCRA because he challenges the authority (but not the jurisdiction) of the trial court, and his argument that his petition is timely under the PCRA because his judgment of sentence was entered without jurisdiction.

(unless the petitioner pleads and proves that one of the three timeliness exceptions applies), and specifies that "**[f]or purposes of this subchapter**, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This timing requirement is jurisdictional. **Derrickson**, 923 A.2d at 468. Therefore, even if Appellant's judgment of sentence is arguably void for want of jurisdiction, the PCRA court did not have authority to examine the merits of that question without first determining whether direct review of Appellant's judgment (whether void or not) had ended more than a year before the PCRA petition was filed. The court's finding that direct review of Appellant's judgment ended more than a year before the PCRA filing meant that the PCRA court lacked jurisdiction over Appellant's petition. We therefore affirm the PCRA court's dismissal of Appellant's petition.[10]

Order affirmed.

---

[10] Were we to entertain Appellant's claim, we would be opening the door for any prisoner to attack the jurisdiction of the trial court at any time after sentence, regardless of whether new facts have come to light in his case or new law has changed his position. Such a result would be improper under the PCRA. **See Commonwealth v. Stout**, 978 A.2d 984, 988 (Pa. Super. 2009) ("[A]ppellant's application for a writ of *habeas corpus* appears to us to be nothing more than a tactical choice to evade the timeliness requirements of the PCRA. Such tactical maneuvering is not permitted"); **Commonwealth v. Dickerson**, 900 A.2d 407, 412 (Pa. Super. 2006) ("[T]he writ of habeas corpus . . . is not available merely because an otherwise cognizable claim is jurisdictionally time-barred"), **appeal denied**, 911 A.2d 933 (Pa. 2006).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2017