J-A19029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VENTURES TRUST 2013 IHR BY MCM CAPITAL PARTNERS, LLC, | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JAMIE BARBONE, RICHARD A. J. TRIMINGHAM, DANIELLE FRIDENBERGER, AND UNKNOWN HEIRS OF RICHARD A.J. TRIMINGHAM, | : : : : : : : | No. 474 EDA 2017 |
| APPEAL OF: JAMIE BARBONE | : | |

Appeal from the Order Entered December 28, 2016
In the Court of Common Pleas of Pike County
Civil Division at No(s): 679-2013-Civil

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 08, 2017**

Appellant, Jamie Barbone, appeals from the December 28, 2016 Order denying his Motion to Set Aside Sheriff's Sale. After careful review, we conclude that there was no valid judgment on which to execute and that the sale was, therefore, invalid. Accordingly, we reverse the December 28, 2016 Order.

The parties are familiar with the procedural history of the instant case, however, we briefly summarize the relevant facts as follows. On April 29, 2013, JPMC Specialty Mortgage LLC filed a mortgage foreclosure action against Appellant related to a property located at 114 Boulder Road, Milford,

Pennsylvania. JPMC Specialty Mortgage LLC subsequently filed a Pa.R.C.P. 2352(a) Substitution of Parties, substituting Appellee, Ventures Trust 2013 IHR by MCM Capital Partners, LLC, as Plaintiff.

The case eventually went to trial, where the trial court entered a verdict in favor of Appellee on August 14, 2015. On August 24, 2015, Appellant filed a Post-Trial Motion. While that Motion was still pending before the trial court, Appellee prematurely filed a Praecipe for Entry of Judgment on August 28, 2015. This Praecipe, however, did not result in the entry of a judgment because the trial court had not yet ruled on the Appellant's Post Trial Motion.

On September 15, 2015, the trial court denied Appellant's Post-Trial Motion. Although it would now be appropriate to convert the verdict to a judgment, neither party filed a Praecipe for Entry of Judgment. Thus, only a valid verdict existed.

Notwithstanding the fact that only a verdict existed, Appellant twice attempted to appeal from the verdict. On both occasions, this Court quashed the appeals, finding that "[n]otwithstanding the trial court's conclusion to the contrary, a valid [J]udgment [had] not been entered on the docket." Superior Court Order, filed 11/28/16. **See also** Superior Court Order, filed 11/18/16; Superior Court Order, filed 1/19/16.

Neither Appellant, Appellee, the Prothonotary, nor the trial court took any action to enter a valid judgment on the record in the instant case.

On October 19, 2016, the trial court, relying upon the premature and invalid August 28, 2015 "judgment" from August 28, 2015, permitted the Appellant's property to proceed to a Sheriff's Sale on October 19, 2016. The Appellee was the sole and successful bidder.

Appellant filed a timely[1] Motion to Set Aside Sheriff's Sale, arguing that the Sale was improper where there was no valid judgment on the record. The trial court denied the Motion, finding that, although this Court had twice found no valid entry of judgment, it believed "that a valid judgment does and has existed in this case." Trial Court Opinion, filed 3/7/17, at 6.

Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises three issues for our review:

1. Is the judgment entered on the Docket on August 28, 2015[,] valid?

2. Did the [t]rial [c]ourt abuse its discretion by failing to set aside Sheriff Sale executing on an invalid judgment?

3. Did [Appellee] meet its burden to prove it was the holder of the Note and hence entitled to judgment of mortgage foreclosure?

Appellant's Brief at 2.

_____

[1] Taken together, Pa.R.C.P. 3132 and Pa.R.C.P. 3135(a) make clear a party must raise a challenge to a sheriff's sale within a period of time after the sale, but before the deed is delivered. Appellant complied with this requirement.

We note the following standards guiding our review of this appeal.

Pursuant to Rule 3132 of the Pennsylvania Rules of Civil Procedure, a sheriff's sale may be set aside upon petition of an interested party "upon proper cause shown" and where the trial court deems it "just and proper under the circumstances." Pa.R.C.P. 3132. The burden of proving circumstances warranting the exercise of the court's equitable powers is on the petitioner. Equitable considerations govern the trial court's decision to set aside a sheriff's sale, and this Court will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion occurs where, for example, the trial court misapplies the law.

***Nationstar Mortgage, LLC v. Lark***, 73 A.3d 1265, 1267 (Pa. Super. 2013).

## August 28, 2015 "Judgment"

In his first issue, Appellant asks this Court to determine whether the August 28, 2015 "judgment" is valid. As Appellant notes, this Court has previously held—**twice**—that the August 28, 2015 "judgment" is **not** a valid judgment. We will not revisit those decisions. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (discussing the "law of the case" doctrine, which mandates "that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter").

We are wholly unpersuaded by Appellee's averments that a "judgment" may be valid for some purposes but not others. Appellee's Brief at 18-22. Accordingly, we note—for the **third** time—that the August 28, 2015 "judgment," which was entered while Appellant's Post-Trial Motions

were still pending, is not valid. Moreover, our review of the record makes clear that there was no valid judgment in place at the time of the Sheriff's Sale in the instant case.[2]

## **Sheriff's Sale**

Having determined that there was no valid judgment in the instant case prior to the Sheriff's Sale, we turn to the question of whether the trial court abused its discretion or erred as a matter of law in denying Appellant's Motion to Set Aside Sheriff's Sale.

It is axiomatic that a Sheriff's Sale is a means by which a Plaintiff may enforce a **judgment**. *See* Pa.R.C.P. No. 1149 ("**Judgment** in the action shall be enforced as provided by Rules 3180 to 3183, inclusive." (emphasis added)); Pa.R.C.P. No. 3180 ("If the plaintiff is proceeding against both personal and real property covered by a mortgage . . . the **judgment** may be enforced in one execution proceeding against both the personal and real property pursuant to the rules of this chapter governing execution on real property." (emphasis added)); Pa.R.C.P. No. 3181 (detailing rules governing "[t]he procedure for the enforcement of a **judgment** against real property[.]" (emphasis added)).

_____

[2] As discussed *infra*, Appellee filed a Praecipe for Entry of Judgment subsequent to the Sheriff's Sale on March 1, 2017, while the instant appeal was pending before this Court.

As discussed **supra**, the Sheriff's Sale at issue in the instant case was held before a valid judgment was entered. The trial court's August 14, 2015 verdict was an insufficient basis on which to execute the Sheriff's Sale. The plain language of multiple statutes calls for the enforcement of a judgment, not a verdict. **See, e.g.,** Pa.R.C.P. No. 1149; Pa.R.C.P. No. 3180; Pa.R.C.P. No. 3181. Given the absence of a valid judgment in the instant case, we are constrained to find that the October 19, 2016 Sheriff's Sale is invalid. **Cf. See also Harris v. Harris**, 239 A.2d 783, 785 (Pa. Super. 1968) (noting that "where a void judgment is the basis for an execution sale," the sale itself is void); **Roberts v. Gibson**, 251 A.2d 799, 802 (Pa. Super. 1969) ("If the judgment is void, the sheriff's sale resulting from the execution issued on the judgment would be a nullity[.]").

The trial court, therefore, erred as a matter of law in denying Appellant's Motion to Set Aside Sheriff's Sale.[3]

---

[3] Appellee notes that "if the Sheriff's Sale is set aside, [Appellee] would merely need to file another praecipe for writ of execution and the Sheriff's [S]ale would be held anew." Appellee's Brief at 15. Appellee urges us to deny Appellant relief on those grounds, averring that it would be a "waste" and will "cause [Appellee] to incur additional costs and fees when the result of another sale could be identical." **Id.** We note that Appellee was aware of the prior Orders of this Court finding no valid judgment. Appellee was free to file a Praecipe for Judgment prior to the Sheriff's Sale, but declined to do so.

**Merits of Verdict**

In his final issue, Appellant attacks the underlying merits of the August 14, 2015 verdict, averring that Appellee failed to establish that it was in possession of the Note endorsed in blank. Appellant's Brief at 6-9. As Appellant failed to raise this claim in his Motion to Set Aside Sheriff's Sale, we conclude that it is waived.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983). Accordingly, an appellant may not raise a claim for the first time in his or her 1925(b) Statement. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009).

In the instant case, Appellant's Motion to Set Aside Sheriff's Sale requested relief based on his claim "that the underlying judgment was invalid; hence, sheriff sale on the judgment should also be invalid." Motion to Set Aside Sheriff's Sale, filed 12/22/16, at 2. It was not until the filing of his Notice of Appeal and his 1925(b) Statement that Appellant attacked the underlying verdict and requested relief based on his claim that Appellee failed to establish its possession of the Note. This claim is, therefore, waived.

Order denying Appellant's Motion to Set Aside Sheriff's Sale reversed.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2017