| 202 | 131 |
| 24 SC | ⁴328 |
| 26 SC | ¹215 |
| 202 | 131 |
| e211 | 75 |
| 202 | 131 |
| 36 SC | 19 |

## Mencke, Appellant, *v.* Rosenberg.

*Sheriff's sale—Acknowledgment of deed—Irregularities.*

The acknowledgment of a sheriff's deed is a judicial act, and it concludes all mere irregularities, however gross, in the process and sale. After acknowledgment the validity of the title acquired by the purchaser cannot be questioned in a collateral action involving the title, except for the absence of authority or the presence of fraud in the sale.

*Execution—Sheriff's sale—Testatum fi. fa.—Recording writ in prothonotary's office.*

Where property has been sold by the sheriff under a testatum fi. fa., and a sheriff's deed has been duly acknowledged, the validity of the deed cannot be attacked as against the purchaser by the trustee in bankruptcy of the defendant in the execution, because the writ of testatum fi. fa. had not been delivered to the prothonotary of the county where the land was situated, and by him entered of record as required by the Act of June 16, 1836, P. L. 775. The failure to record the writ in the prothonotary's office was a mere irregularity, cured by the acknowledgment of the deed.

*Execution—Testatum fi. fa.—Authority of sheriff to sell land—Act of June 16, 1836, P. L. 775.*

Under the Act of June 16, 1836, P. L. 775, the sheriff has authority to sell land situated in his county under a testatum fi. fa. issuing out of the court of common pleas of another county.

*Bankruptcy—National bankruptcy act of 1898, sec. 67 (f)—Sale of land —Judgment—Act of bankruptcy.*

Section 67 of the national bankruptcy act of 1898, relating to levies, judgments, attachments or other liens obtained within four months prior to bankruptcy proceedings, applies to a voluntary bankrupt. The words "against him" used in the section are explained by the 1st section of the

act, which says: "A person against whom a petition has been filed shall include a person who has filed a voluntary petition."

*Bankruptcy — Judgment — Execution — Act of bankruptcy — Testatum fi. fa.*

Although execution may issue within four months prior to proceedings in bankruptcy, on a judgment entered prior to four months, against land situated in the county in which the judgment was entered, the same rule does not apply to a testatum fi. fa., inasmuch as it is only through the lat-'ter writ that a lien is created on real estate situated in another county. If, therefore, the testatum fi. fa. is issued within four months of the filing of the petition in bankruptcy, it creates a lien which is invalidated by the bankrupt act; and such a lien is avoided, whether it is a statutory lien created by the recording of the testatum fi. fa. in the office of the prothonotary of the county in which the land is situated, or whether it is a common-law lien incidental to the seizure of the real estate under the execution.

In an action of ejectment by a trustee in bankruptcy against a person who has purchased the bankrupt's land under a testatum fi. fa. issued within four months of the filing of the petition in bankruptcy, the defendant in order to give validity to his title must show that he is within the proviso to the clause of the bankrupt act which protects a bona fide purchaser for value, who acquires the real estate of a bankrupt without notice of his insolvency or reasonable cause of inquiry. This is a question of fact, and necessarily for the decision of the jury.

Argued Feb. 10, 1902. Appeal, No. 246, Jan. T., 1901, by plaintiff, from judgment of C. P. Chester Co., Jan. T., 1901, No. 62, on verdict for defendant in case of John B. Mencke, Trustee in Bankruptcy of Emanuel Rosenberg, v. Lillie Rosenberg. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Ejectment for land in the borough of West Chester and elsewhere. Before BUTLER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in admitting in evidence the sheriff's deed; (3–6) various offers of evidence tending to show fraud on the part of defendant.

*George B. Johnson,* for appellant.—The writ, under which the real estate in suit was sold, was never entered in the testatum fi. fa. docket in Chester county, nor was notice of its ac-

knowledgment given, as required by the act of June 16, 1836, sec. 97. The deed was therefore irregular and void and passed no title to the purchaser: De Haven's App., 38 Pa. 373; Vansant v. Hartman, 11 Pa. Dist. Rep. 2; Hinds v. Scott, 11 Pa. 26.

A sheriff's sale, transferring property within four months prior to petition in bankruptcy, is void under section 67 (*f*) of United States bankruptcy act: In re Kenney, 3 N. B. N. & R. 556.

*A. M. Holding,* with him *D. Smith Talbot* and *J. Frank E. Hause,* for appellee.—The authority of the sheriff of one county to sell lands therein by virtue of a testatum fieri facias upon a judgment in another county, proceeds altogether from the court of the latter county, and is not, by the statute, made to depend in any degree upon the action of the court wherein the land lies, or of the prothonotary thereof: Act of 1836, 1 Pepper & Lewis's Dig. 1977, et seq.; Com. v. Smith, 4 Phila. 419.

Proof of either the absence of authority in the sheriff, or of the presence of fraud in the execution or sale, could be invoked in this proceeding to invalidate the sale and conveyance by the sheriff, but " no mere irregularities, whether of omission or commission, which did not render the officer powerless, or taint the transaction with turpitude," can here affect the validity of the sale and conveyance : Shields v. Miltenberger, 14 Pa. 78; McFee v. Harris, 25 Pa. 102; Atkinson v. Tomlinson, 91 Pa. 284; Milleisen v. Senseman, 4 Pa. Superior Ct. 455; Benninghoff v. Stephenson, 161 Pa. 441; Cock v. Thornton, 108 Pa. 637.

The United States bankruptcy act, sec. 67, clause (*f*), would not have justified the court below in declaring the title of the appellee void, as contended by the appellant: In re Collins, 2 Am. Bank. Rep. 1; In re De Lue, 1 Am. Bank. Rep. 387; In re Easley, 1 Am. Bank. Rep. 715.

OPINION BY MR. JUSTICE MESTREZAT, March 24, 1902:

In 1899, Emanuel Rosenberg was the owner of certain real estate in Chester county, Pennsylvania, the title to which he acquired in 1895, 1896 and 1897. By deed dated November 2, 1899, and recorded in the prothonotary's office of Chester county, the sheriff of said county conveyed to Lillie Rosenberg, the

wife of Emanuel Rosenberg, the above real estate sold as the
property of her husband and purchased by her at sheriff's sale
on October 28, 1899.  It appears from this deed that the prop-
erty was sold on an alias testatum fi. fa., tested September 25,
1899, and issued on a judgment against Emanuel Rosenberg for
$11,729.12, entered May 28, 1898, in the court of common pleas
No. 1, of Philadelphia county.  The testatum writ was not en-
tered of record in the prothonotary's office of Chester county,
as required by the act of June 16, 1836.  On November 24,
1899, Emanuel Rosenberg was adjudged a bankrupt upon his
own petition, and on January 9, 1900, John B. Mencke was ap-
pointed trustee of his estate.  The record does not disclose when
the petition in bankruptcy was filed.  The trustee brought this
action of ejectment on January 22, 1901, to recover from Lillie
Rosenberg the real estate conveyed to her by the sheriff of
Chester county.  The jury found a verdict for the defendant
and judgment having been entered thereon, the plaintiff has
appealed.

The substance of the appellant's contention is that the court
erred (1) in admitting in evidence the deed of the sheriff to
Mrs. Rosenberg, (2) in excluding certain offers of proof of al-
leged fraud, and (3) in holding that clause ($f$) of section 67 of
the bankrupt act of 1898 had no application to the facts of this
case.  In his opinion dismissing the motion for a new trial, the
learned judge has sufficiently shown that there was no error in
refusing the proposed evidence of fraud, and we need not dis-
cuss the question here.

The real estate of Emanuel Rosenberg, the subject of this con-
troversy, is situated in Chester county and was sold on an alias
testatum fi. fa. issued out of the court of common pleas No. 1,
of Philadelphia county.  When the defendant's counsel offered
the sheriff's deed, the plaintiff objected to its admission " upon
the ground that there is no evidence showing the record of a
writ of alias testatum fi. fa. in this court, as required by the
act, and no petition praying for leave to acknowledge the deed,
so that the sheriff might give notice as required by the act of
June 16, 1836, section 37, in the manner provided for service
of a writ of summons in a personal action ; and the offer of the
deed has not been preceded by the offer of any judgment or
writ thereunder upon which it is based, which is required by

the decisions." The court below overruled the objection and admitted the deed in evidence. The consideration of the competency of this offer will be confined to the specific objections made thereto.

The latter part of the plaintiff's objection to the offer we need not consider as the evidence offered by the appellant himself shows that the writ upon which the property was sold was an alias testatum fi. fa. and was issued on a judgment entered in the court of common pleas No. 1, of Philadelphia county. The Act of June 16, 1836, P. L. 775, authorized the issuing of a testatum fi. fa. by the common pleas of Philadelphia county directed to the sheriff of Chester county, on which the land of the defendant in the execution in the latter county could be taken in execution and sold. There was, therefore, legal authority for the issuance of this writ which empowered the sheriff of Chester county to levy and sell the real estate in controversy. It is not alleged that there was any fraud in the sale that vitiates the proceedings. The learned counsel for the plaintiff, however, denies the validity of the sale because the writ was not delivered to the prothonotary of Chester county, and by him entered of record as required by statute. But can that affect the authority of the sheriff to proceed on the writ or the title of the purchaser to the real estate sold under it after he has received the sheriff's deed? The sheriff is commanded by the court issuing the writ to levy upon and sell the defendant's real estate in Chester county, and it is no part of the mandate of the writ that he shall deliver it to the prothonotary, and that the latter shall record it. The statute, and not the writ, requires the sheriff to perform that duty. In the case in hand, it is not denied that the sheriff obeyed the exigency of his writ, and in pursuance thereof sold the real estate in dispute to the defendant in this action. The fact that he failed to observe the statutory directions complained of in the counsel's objection to the evidence will not injure the plaintiff's cestui que trust, nor will it deprive him of any rights to which he is entitled. The statute does not make the recording of the writ essential to the validity of the sale, at least to the extent of invalidating a sale after the acknowledgment of the sheriff's deed. We need not inquire as to the reason of the provision of the act directing the writ to be entered of record in the

county in which the land lies. If this were a contest between the lien creditors of Emanuel Rosenberg, in Chester county, the issue would be different and the failure to record the writ in that county might become material.

This is a proceeding collateral to that under which the land was sold. The acknowledgment of the sheriff's deed passed a valid title to the purchaser unless there was fraud or want of authority in the sale. As suggested above, the statute conferred the authority and fraud in the sale is not alleged. The failure to record the writ in Chester county, therefore, will be regarded as a mere irregularity which did not affect the validity of the sale after the acknowledgment of the deed. "In numerous cases," says CLARK, J., in Cock v. Thornton, 108 Pa. 640, "it has been held by this court that the acknowledgment of a deed is a judicial act, and concludes all mere irregularities, however gross, in the process and sale. After acknowledgment, the validity of the title acquired by the purchaser cannot be questioned in a collateral action involving the title, except for the absence of authority or the presence of fraud in the sale."

The remaining and important question requires a consideration of the answer of the court to the plaintiff's first point for charge which is the subject of complaint in the ninth assignment of error. In his answer to the point the learned trial judge negatived the proposition that the defendant having purchased the real estate in dispute after the insolvency of her husband and within one month of his adjudication in bankruptcy was required to show "that she acquired the same without notice of his insolvency or reasonable cause of inquiry." This ruling, as stated by the judge, was based upon the ground that the judgment in Philadelphia county upon which the testatum fi. fa. issued was not entered within four months of the adjudication in bankruptcy. In his opinion refusing a new trial the learned judge says in support of his ruling: "We think no error was committed in ruling that the defendant's knowledge of her husband's insolvency did not invalidate her purchase. The judgment under which the real estate was sold, was entered and was a lien much more than four months before Emanuel Rosenberg became a bankrupt, and moreover under the express language of the clause of the

act depended upon by the plaintiff, its provisions do not apply to a case of voluntary bankruptcy as was Rosenberg's."

It will be observed that the ruling of the learned trial judge was based upon two grounds : (1) that section 67 ( *f* ) of the act of congress does not apply to a case of voluntary bankruptcy, and (2) that clause ( *f* ) did not avoid the proceedings on the writ because the judgment on which the writ issued was entered more than four months prior to the adjudication in bankruptcy of Rosenberg.

The part of the national bankruptcy act of 1898 involved in this controversy is section 67 ( *f* ) which is as follows : " That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate ; and thereupon, the same may pass to and shall be preserved for the trustee for the benefit of the estate as aforesaid.   And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect : Provided, that nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a bona fide purchaser for value who shall have acquired the same without notice or reasonable cause for inquiry."

We are clearly of opinion that the clause of the bankruptcy act in question applies to a voluntary bankrupt.   There is no reason why the creditors of a voluntary bankrupt should be permitted to acquire liens within the period named by the statute and those of an involuntary bankrupt should be denied that privilege.   Nor is it apparent why congress should make such a distinction between the two classes of bankrupts.   On the contrary, there is every reason why they should be placed on an equality which is the basic principle of the bankrupt act. The only possible ground for the contention that congress in-

tended such inequality is that the language of the clause under consideration shows that it applies to cases in which a petition in bankruptcy is filed "against him" (the bankrupt). This might be sufficient to overcome the presumption that the creditors of all insolvents were to be put upon the same basis and to be protected alike, was it not for the fact that the language of the clause is explained and defined by the act itself. It is, therefore, not open to construction by the court but is interpreted by another section of the same act. The first section of the act of 1898 construes the words and phrases used in the act and provides, inter alia, as follows: "'A person against whom a petition has been filed' shall include a person who has filed a voluntary petition." This we regard as decisive of the construction which should be given the words "against him" used in the clause in question. The weight of federal authority, including a decision of the district court of the United States for the western district of Pennsylvania, unquestionably favors this construction of the clause: In re Rhoads, 98 Fed. Repr. 399; In re Dobson, 98 Fed. Repr. 86; In re Emslie, 98 Fed. Repr. 716; In re Richards, 95 Fed. Repr. 258; In re Lesser, 100 Fed. Repr. 433; In re Kemp, 101 Fed. Repr. 689. There can be no question that under the evidence, Rosenberg was insolvent at the time the sheriff of Chester county levied on and sold his real estate to Mrs. Rosenberg.

The other reason assigned by the trial judge for holding that section 67 (*f*) had no application to the case in hand is, in our judgment, equally untenable. It is conceded that the testatum writ was issued on a judgment entered in the common pleas of Philadelphia county more than four months prior to the filing of the petition in bankruptcy. It is not, however, the date of the entry of the judgment that determines the validity of the proceedings on which the sale of Rosenberg's real estate was had. The clause provides "that all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt." It is therefore a lien acquired within four months of the filing of the petition in bankruptcy against an insolvent which the act declares to be void. Had the plaintiff in the judgment issued

an execution to enforce the lien of the judgment, he could have done so without offending against this clause of the bankrupt act. Had a writ of execution been levied on real estate in Philadelphia county on which the judgment was a lien, he could have proceeded to execution and sale without violating this clause of the statute. But when he issues a writ on which he acquires a lien, other and different from that of his judgment, it is the lien of this writ and not the judgment that determines the validity of the proceedings. In Pennsylvania a judgment is a lien on real estate in the county in which it is entered from the date of its entry, but not on personal property. To acquire a lien on the latter, a fi. fa. must be issued and placed in the hands of the sheriff. From that date it binds the personal property of the debtor and subjects it to the payment of his debts. It is clear, therefore, that while the plaintiff in the judgment in question, might within four months of the filing of the petition in bankruptcy have enforced his judgment lien against the debtor's real estate in Philadelphia county, it is equally certain that within that time he could not have enforced the payment of his judgment by an execution against the debtor's personal property. The obvious reason is that in the one case he is enforcing a valid lien, and in the other he is attempting to enforce a lien obtained within the prohibited period, declared by the act to be null and void, and hence incapable of being enforced. As is well understood, the testatum writ issues in the county in which the judgment is entered to the sheriff of another county in which the debtor has property. The lien of the judgment is confined to the real estate of the debtor in the county in which it is entered, and a testatum writ does not extend it beyond the territorial limits of the county in which the judgment is entered. It is, therefore, apparent that the only lien obtained through the legal proceedings against Rosenberg resulting in the sale of his real estate in Chester county, was by virtue of the alias testatum fi. fa. which was issued September 25, 1899. The sheriff's sale took place on October 28, 1899, and his deed, conveying to the defendant the real estate in dispute, was acknowledged on November 2, 1899. While the date of the filing of the petition in bankruptcy does not appear, the evidence shows that Rosenberg was adjudged a bankrupt on No-

vember 28, 1899, which was within four months of the time when the lien on his real estate was obtained.

The Act of June 16, 1836, P. L. 775, requires the writ to be recorded in the county to which it is issued, and provides that it "shall be a lien upon the real estate of the defendant named in such writ, within the county where it shall be so entered of record, during five years from the date of such entry." As we have seen, this provision of the statute was not complied with, but, for the reason stated above, we do not think that the failure to record the writ invalidates it or the sale made upon it. The seizure of, and levy on, the real estate of Rosenberg in Chester county, by virtue of the alias testatum fi. fa. created a lien thereon regardless of the effect of the Act of 1836 : Stauffer v. Commissioners of Lancaster County, 1 Watts, 300 ; Packer's Appeal, 6 Pa. 277 ; Davis v. Ehrman, 20 Pa. 256. By the principles of the common law a lien is a necessary and inseparable incident of a seizure in execution : Stauffer v. Commissioners, supra ; Glass v. Gilbert, 58 Pa. 288. The defendant's title to the real estate in dispute depends upon the validity of the sale under the alias testatum fi. fa. If the sheriff's deed is conclusive of the regularity of the proceedings on which the sale was made, a statutory lien on the real estate was created which, being within four months of the filing of the petition in bankruptcy, is invalidated by the bankrupt act. If by reason of the failure to record the writ in Chester county, no lien was created under the act of 1836, a common-law lien was incidental to the seizure of the real estate under the execution, and was likewise avoided by the statute. In either event, therefore, the lien on the real estate of Rosenberg in Chester county, sold on this writ, was obtained through the legal proceedings against him on the alias testatum fi. fa. and being within four months of the filing of the petition in bankruptcy was void and the sale did not divest the title of the bankrupt unless it had passed to a purchaser protected by the proviso to the clause of the act of congress under consideration.

The effect of section 67 (*f*) of the bankrupt act being to avoid the lien on the real estate and to invalidate the sale made through legal proceedings thereon, it is therefore incumbent on Mrs. Rosenberg, if she desires to give validity to her

title, to show that she is within the proviso to the clause which protects a bona fide purchaser for value who acquires the real estate of a bankrupt without notice of his insolvency or reasonable cause of inquiry. This is a question of fact and necessarily for the decision of a jury. It follows that the trial judge should have affirmed the plaintiff's first point and should have submitted to the jury to determine whether Mrs. Rosenberg acquired the real estate at the sheriff's sale without notice of her husband's insolvency or reasonable cause of inquiry.

We are of opinion that section 67 (*f*) of the national bankruptcy act of 1898 is applicable to cases of voluntary bankruptcy and that the lien created by a writ of testatum fi. fa. in Pennsylvania is within the meaning of the terms of clause (*f*) of this section of the act. There was, therefore, error in not submitting to the jury the question of Mrs. Rosenberg's knowledge of her husband's insolvency at the time she purchased his real estate at sheriff's sale.

The ninth assignment of error is sustained, the judgment is reversed and a venire facias de novo is awarded.