## Ellwood City Savings and Loan Association v. Bingham

*Robert White, II*, for sheriff.

*Marvin A. Luxenberg*, for claimant.

POWERS, J., August 31, 1957. —. . . . The sheriff of Lawrence County sold certain real property in the name of John T. Bingham at an execution sale on September 10, 1956, upon a levari facias issued at no. 14, September term, 1956, E. D., at the request of Ellwood City Federal Savings and Loan Association.

The sheriff paid out of the purchase price of $11,035, a mortgage debt in favor of the Ellwood City Federal Savings and Loan Association, local tax liens upon the property sold and cost incurred. The balance of $975.25 remaining in the hands of the sheriff was allotted to the Circle Lumber Company by the original schedule of distribution by reason of its judgment lien at no. 204, March term, 1955 D. S. B. Subsequently, the sheriff made an amended schedule of distribution allotting the sum of $594.38 to the Commonwealth of Pennsylvania, Bureau of Employment Security, by reason of its claims for unpaid contributions, recorded in the Court of Common Pleas of Lawrence County at no. 31, June term, 1955, M. L. D., and no. 75, June term, 1956, M. L. D., and the balance of $380.87 was allotted to Circle Lumber Company.

Exceptions were filed to the sheriff's amended schedule of distribution by Circle Lumber Company, and now the trustees in bankruptcy for John T. Bingham, the United States, the Commonwealth of Pennsylvania and the Circle Lumber Company, are separately claiming the proceeds remaining in the hands of the sheriff for distribution.

Section 67 of the Bankruptcy Act of July 1, 1898, 30 Stat. 564, as amended, declares that all property belonging to the bankrupt shall come under control of the bankruptcy court for the benefit of creditors as soon as the person has been adjudged bankrupt. Here Bingham was declared a bankrupt on July 17, 1956, and the property in question was sold upon a levari facias issued on July 25, 1956. However, where a valid mortgage lien is in existence for more than four months prior to the filing of a petition in bankruptcy, the lawful enforcement of such a lien is not prohibited by the Bankruptcy Act: Metcalf v. Barker, 187 U.S. 165; Mencke v. Rosenberg, 202 Pa. 131; 11 U.S.C.

§107. The mortgage in favor of the Ellwood City Federal Savings and Loan Association, which gave rise to the writ of levari facias upon which the property involved was sold, was of record for more than four months before the filing of the petition in bankruptcy and, therefore, the proceeds of this sale are not affected by the decree adjudging Bingham a bankrupt.

A judgment by confession against Bingham and in favor of Circle Lumber Company for the sum of $9,696.60, together with interest and costs was duly recorded on December 22, 1954, in the Court of Common Pleas of Lawrence County, at no. 204, March term, 1955. Circle Lumber Company also recorded numerous subsequent judgment liens against Bingham, but since the balance remaining for distribution is only $975.25, the remaining judgments in favor of Circle Lumber Company are irrelevant to the decision of this case.

On April 28, 1955, the United States entered a tax claim against Bingham for the sum of $1,693.63 at no. 314, Federal Tax Lien Docket. Thereafter on May 3, 1955, the Commonwealth of Pennsylvania, Department of Labor and Industry to the use of the Unemployment Compensation Fund, entered a claim against John T. Bingham for unpaid contributions at no. 31, June term, 1955, M. L. D. A second claim in favor of the Commonwealth of Pennsylvania, Department of Labor and Industry to the use of the Unemployment Compensation Fund and against Bingham was entered on May 25, 1956, at no. 75, June term, 1956, M. L. D. These claims were in the sums of $352.37 and $242.01, respectively.

Although the United States has written to the sheriff of Lawrence County on several occasions since the date of the execution sale, it did not proceed to file exceptions to the sheriff's schedule of distribution as re-

quired by law, and, therefore, the question as to its right to have its claim paid out of the proceeds of the execution sale is not properly before the court: Fidelity Trust Co. v. Sandulak, 89 Pitts. L. J. 111.

The Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, art. III, its supplements and amendments, 43 PS §788.1, provides:

"All contributions and the interest and penalties thereon due and payable by an employer under the provisions of this act shall be a lien upon the franchises and property, both real and personal, of the employer liable therefor, from the date a lien for such contributions, interest and penalties is entered of record in the manner hereinafter provided. Whenever the franchises or property of an employer is sold at a judicial sale, all contributions and the interest and penalties thereon thus entered of record shall first be allowed and paid out of the proceeds of such sale in the same manner and to the same extent that State taxes are paid. . . ."

The statute is wholly clear and unambiguous in its provisions. It is at once apparent that recorded claims for unpaid unemployment compensation contributions shall first be allowed and paid out of the proceeds of an execution sale before any judgment against such person, even though the judgment was recorded prior to the claim for unpaid contributions to the unemployment compensation fund. Here the Commonwealth filed a lien of record in the prothonotary's office for unemployment contributions prior to the date of sale, and accordingly is entitled to a priority in the distribution of the proceeds realized from the execution sale of the real property even though the judgment in favor of Circle Lumber Company was recorded prior thereto: Blue Ball National Bank v. Diller, 53 D. & C. 445. Accordingly, the sheriff's amended schedule of distribution is wholly right and correct.

*Order*

Now, August 31, 1957, the exceptions of the Circle Lumber Company to the sheriff's amended schedule of distribution are dismissed.

Now, August 31, 1957, an exception is sealed to the above order for the Circle Lumber Company.