J-A30005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BANK OF NEW YORK, MELLON FKA BANK OF NEW YORK SUCCESSOR TO JP MORGAN CHASE BANK AS TRUSTEE FOR THE HOLDERS OF THE STRUCTURED ASSETS SECURITY MORTGAGE PASS THROUGH CERTIFICATES SERIES 2003-BC2 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT FOSTER | |
| Appellant | No. 53 EDA 2014 |

Appeal from the Order November 18, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2010-000946

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:　　　　　**FILED DECEMBER 23, 2014**

Robert Foster appeals from the order entered in the Court of Common Pleas of Delaware County denying his motion to postpone/stay ejectment from residential home.  Due to Foster's failure to preserve his claims for appellate review, we affirm.

This matter stems from a foreclosure action.  On November 15, 2013, Foster filed an emergency motion to postpone/stay ejectment from residential home.  An emergency hearing occurred on November 18, 2013.

---

[*] Retired Senior Judge assigned to the Superior Court.

At the hearing, Foster argued that the ejectment action should be stayed to permit his counsel to file a *nunc pro tunc* motion to set aside the Sheriff's sale. The court denied Foster's motion following the hearing, characterizing it as a collateral attack on the foreclosure action.[1] This timely appeal followed.

On appeal, Foster challenges the trial court's decision to deny his motion to postpone/stay the ejectment proceedings. However, Foster has waived his claims. **See** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in Rule 1925(b) statement are waived); **see also**, **Commonwealth v. Kearney**, 92 A.3d 51 (Pa. Super. 2014) quoting **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."). Specifically, Foster's concise statement of errors complained of on appeal is a nearly verbatim restatement of his November 15, 2013 emergency motion and does not include his issues on appeal. Because Foster failed to include his appellate issues in his Rule 1925(b) statement, we are constrained to affirm. **Lord**, **supra.**

Order affirmed.

_____

[1] We note that a Sheriff's sale or foreclosure judgment is only open to attack on the grounds of fraud, or want of authority in the officers making the sale. **See Roberts v. Gibson**, 251 A.2d 799, 800 (Pa. Super. 1969). Thus it follows that an attack on a Sheriff's sale usually cannot be made in a collateral proceeding. **Caplan v. Kent**, 76 A.2d 764 (Pa. 1950). An ejectment action is a proceeding collateral to that under which the land was sold. **Mencke v. Rosenberg**, 51 A. 767, 769 (Pa. 1902). Accordingly, Foster's challenge is an impermissible collateral attack on the Sheriff's sale.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/23/2014</u>