J-A11016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK, NA NOW BY ASSIGMENT LENDERS COMMERCIAL FINANCE, LLC | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| JOSEPH PILCHESKY AND JOANNE R. RICCI A/K/A JOANNE PILCHESKY | : : : | No. 1199 MDA 2019 |
| APPEAL OF: JOSEPH PILCHESKY | : : : | |

Appeal from the Order Entered June 18, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2015-02268

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 07, 2020**

This is an ejectment action that Appellee Wells Fargo Bank, NA now by assignment Lenders Commercial Finance, LLC ("Wells Fargo") instituted against Joseph Pilchesky, the occupant of a property that was the subject of a prior foreclosure action. The court granted summary judgment to Wells Fargo and Pilchesky has appealed. He argues the trial court erred in sustaining Wells Fargo's preliminary objections to his counterclaims, in granting Wells Fargo's summary judgment motion, and in denying his summary judgment motion. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

In 2013, Wells Fargo brought a mortgage foreclosure action against Joanne R. Ricci a/k/a Joanne R. Pilchesky for a property located in Scranton, PA. Ricci's ex-husband Joseph Pilchesky resided on the property, but did not have a recorded interest in the property.

In November 2013, Wells Fargo obtained a default judgment in the mortgage foreclosure action. It obtained court permission in September 2014 to serve notice of a sheriff's sale by mailing the notice to Ricci by regular mail, and by posting on the property. Wells Fargo subsequently filed an affidavit that it had provided such service. In October 2014, Wells Fargo purchased the property at a sheriff's sale, and, in December 2014, it recorded the deed.

Wells Fargo then commenced the present ejectment action in March 2015, seeking to recover possession of the property from Ricci and Pilchesky. Pilchesky filed preliminary objections, challenging the sheriff's sale. The trial court overruled Pilchesky's preliminary objections, reasoning that Pilchesky was not a record owner of the property, had failed to make a proper and timely objection to the sheriff's sale, and could not challenge the sale in an ejectment action.

Pilchesky subsequently filed an answer with counterclaims, which he amended three times. Pilchesky's third amended counterclaim had eight counts: fraud, unjust enrichment, violation of the Unfair Trade Practices and Consumer Protection law ("UTPCPL"), violation of due process rights, negligence, bad faith, mail fraud, and violation of the Fair Debt Collection Act. Pilchesky alleged, among other things, that he was a lienholder on the

property, and had received notice of a June sheriff's sale, learned it was canceled, but did not get notice of the October sheriff's sale, and if he had received notice, he would have bid on the property. He further alleged that the deed was transferred before he could file a petition to set aside the sale, and that he lost property rights valued at $200,000 due to Wells Fargo's actions. Plaintiff's Third Amended Counterclaim and Request for Injunctive Relief, filed Dec. 14, 2015, at ¶¶ 1-34.

Wells Fargo filed preliminary objections to the third amended counterclaim and sought an order compelling Pilchesky to file a substantive response to the preliminary objections. The trial court granted the request.[1] The court sustained Wells Fargo's preliminary objections, and dismissed the counterclaims.[2]

Wells Fargo filed a motion for summary judgment on its ejectment action.[3] Pilchesky responded and also filed a motion for summary judgment. The trial court granted Wells Fargo's motion for summary judgment and denied Pilchesky's motion. Pilchesky filed a timely notice of appeal.

Pilchesky raises the following issues:

---

[1] Pilchesky filed an appeal, which this Court quashed. His petition for *certiorari* was denied.

[2] Pilchesky filed an appeal, which was quashed.

[3] Wells Fargo conveyed the property to Lenders Commercial Finance, LLC after the filing of the motion for summary judgment. For ease of discussion, we will continue to reference the Appellee as Wells Fargo.

> 1. Did trial court abuse its discretion when it granted [Wells Fargo's] preliminary objections to [Pilchesky's] third amended counterclaim[?]
>
> 2. Did trial court err at law when it granted [Wells Fargo's] motion for summary judgment?
>
> 3. Did trial court err at law when it denied [Pilchesky's] motion for summary judgment?

Pilchesky's Br. at 4 (unnecessary capitalization omitted).

Pilchesky first claims that the trial court erred in sustaining Wells Fargo's preliminary objections. Pilchesky argues that Wells Fargo illegally acquired title to the property through manipulating the foreclosure and sheriff's sale process. He claims that Wells Fargo had a June sheriff's sale date, and served all parties of interest notice of this date, and then continued the sale. He claims Wells Fargo did not serve any parties in interest for the next sale date, which is when it purchased the property. Pilchesky claims he had a $200,000 lien on the property and he extensively renovated the property. He states that he continued to occupy the property, and, if he had received notice of the sale, he would have bid on the property. He claims he could not challenge the sheriff's sale because he did not have notice of the sale before the title was transferred,[4] and he was not the owner of record. He claims that he can challenge now because there was fraud.

Pilchesky argues that the fraud claim properly pled that the Bank had a duty to give him notice of the sale date and claims he pled a violation of his

---

[4] He claims he was in the hospital when Wells Fargo claims to have posted the notice and it was not there when he returned.

due process rights because Wells Fargo did not provide notice of the sale date, and this failure deprived him of an opportunity to bid on the property. He alleges he pled a negligence action because the Bank failed to provide notice, which was a breach of a duty owed to him.

We review an order sustaining preliminary objections "to determine whether the trial court committed an error of law." *Joyce v. Erie Ins. Exch.*, 74 A.3d 157, 162 (Pa.Super. 2013) (quoting *Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super. 2011)). We apply the same standard on appeal as the trial court used when it entertained the objections. *Id.* "When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." *Id.* (quoting *Feingold*, 15 A.3d at 941). A court should sustain preliminary objections that seek the dismissal of a cause of action "only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* (quoting *Feingold*, 15 A.3d at 941). "If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections." *Id.* (quoting *Feingold*, 15 A.3d at 941).

The trial court concluded Pilchesky failed to state causes of action, reasoning that: no private right of action under the mail fraud statute existed; the bad faith statute only addresses action of insurance companies; the UTPCL claim failed because Pilchesky did not purchase or lease goods from Wells Fargo; the fair debt collection action failed because Pilchesky was not a

consumer under the statute; the counterclaims' conclusory allegations were not enough to sustain a fraud claim; there was no relationship to support the unjust enrichment claims, as there was no allegation Pilchesky conferred any benefit to Wells Fargo; Pilchesky asserted only vague conclusions to support a conspiracy claim; and Wells Fargo's actions were not negligent. Trial Court Opinion, filed Mar. 2, 2018, at 3-6.

The trial court did not err. The counterclaims raised by Pilchesky failed to state claims upon which relief can be granted. After reviewing the parties' briefs, the relevant law, the trial court opinion of the Honorable James A. Gibbons, we affirm on the basis of the trial court opinion. ***Id.***

Pilchesky next claims the court erred in granting Wells Fargo's motion for summary judgment. He alleges that Wells Fargo did not provide notice of the sale and committed fraud. He argues he had a legal right to possession of the property because he held a substantial equity and marital interest in the property and has lived there for 20 years. He states that he could not have timely objected to the sale because he did not have notice of the sale, the sheriff acted in collusion with the Bank, and the Bank committed fraud through misrepresentation and deception. He maintains that there are sufficient facts in dispute that the court erred in granting summary judgment. He further argues that the court erred in denying his motion for summary judgment because Wells Fargo did not deny anything in his claims.

"[S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment

as a matter of law." ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). The trial court "must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Id.*** This Court will "reverse a grant of summary judgment if there has been an error of law or an abuse of discretion." ***Id.*** at 892. The issue of whether there is a genuine issue of material fact is a questions of law, which we review *de novo*. ***Id.***

"Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." ***Wells Fargo Bank, N.A. v. Long***, 934 A.2d 76, 78 (Pa.Super. 2007). In an ejectment action, the "plaintiff must prove the right to exclusive possession vis-a-vis proof of paramount title." ***Roberts v. Estate of Pursley***, 700 A.2d 475, 480 (Pa.Super. 1997) (quoting ***Sutton v. Miller***, 592 A.2d 83, 89 (Pa.Super. 1991)).

"[A]n attack on a sheriff's sale usually cannot be made in a collateral proceeding." ***Dime Sav. Bank, FSB v. Greene***, 813 A.2d 893, 895 (Pa.Super. 2002). "An ejectment action is a proceeding collateral to that under which the land was sold." ***Id.*** (citing ***Mencke v. Rosenberg***, 51 A. 767, 769 (Pa. 1902)). If "it is claimed that the underlying default judgment is merely voidable," then the "claim will not be entertained because such a judgment cannot be reached collaterally." ***Id.*** (citing ***Roberts v. Gibson***, 251 A.2d 799 (Pa.Super. 1969)). However, a party to an ejectment action may allege that

the underlying default judgment is void, as "[a] void decree can be attacked at any time." ***Id.*** (citing ***Brokans v. Melnick****,* 569 A.2d 1373, 1376 (Pa.Super. 1989)). "Where a judgment is void, the sheriff's sale which follows is a nullity." ***Id.*** "A judgment is void when the court had no jurisdiction over the parties, or the subject matter, or the court had no power or authority to render the particular judgment." ***Id.*** (citing ***Brokans***, 569 A.2d at 1376).

The Pennsylvania Rules of Civil Procedure 1144 governs who must be named in a foreclosure action, including, among others, the mortgagor and a "real owner of the property":

> (a) The plaintiff shall name as defendants
>
> (1) the mortgagor;
>
> (2) the personal representative, heir or devisee of a deceased mortgagor, if known; and
>
> (3) the real owner of the property, or if the real owner is unknown, the grantee in the last recorded deed.
>
> (b) Unless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage.

Pa.R.C.P. 1144. We have held that a "real owner" is someone who has "liability on the mortgage" and therefore a spouse of a mortgage holder is not a "'real owner' under that term." ***U.S. Bank Nat'l Ass'n. v. Watters***, 163 A.3d 1019, 1026 (Pa.Super. 2017).

The trial court granted Wells Fargo's summary judgment motion. The court noted that Wells Fargo purchased the property at a sheriff's sale and

recorded the deed. It reasoned that Pilchesky was challenging the sheriff's sale, and that Pennsylvania law prohibited a collateral attack on a sheriff's sale in an ejectment action unless the court lacked jurisdiction in the mortgage foreclosure action. Here, Pilchesky was not a record owner, and had no liability on the mortgage, and therefore Wells Fargo did not have to serve him with notice of the mortgage foreclosure action. Therefore, he cannot raise objections to the sheriff's sale. It concluded that Wells Fargo provided proof of title, and Pilchesky had no title to the property. Therefore, Wells Fargo was entitled to summary judgment on its ejectment action.

The trial court did not err in granting Wells Fargo's summary judgment motion. The default judgment in the mortgage foreclosure action is not void and therefore Pilchesky cannot challenge it in this ejectment action. Because Wells Fargo has a right to possession, and Pilchesky does not, the court did not err in granting Wells Fargo's summary judgment motion.[5]

Order affirmed. Applications to Strike denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020

---

[5] Pilchesky filed a motion to strike Appellee's argument relating to the denial of Pilchesky's summary judgment motion and a motion to strike the supplemental reproduced record. These motions are denied.

| | |
|---|---|
| WELLS FARGO BANK, NA, | : IN THE COURT OF COMMON PLEAS |
| *Plaintiffs,* | : OF LACKAWANNA COUNTY |
| | : |
| | : |
| VS. | : |
| | : CIVIL ACTION – LAW |
| | : |
| JOANNE R. RICCI A/K/A | : |
| JOANNE R. PILCHESKY AND | : |
| JOE PILCHESKY, | : |
| *Defendants.* | : 2015-CV-2268 |

## OPINION AND ORDER

This action in ejectment was spawned by a mortgage foreclosure action brought against Defendant Joanne R. Ricci a/k/a Joanne R. Pilchesky (Ricci) by Wells Fargo Bank, N.A. (the Bank). Wells Fargo is the successor to First Union which was the holder of a mortgage delivered by Defendant Ricci encumbering property located at 819 Sunset Street in Scranton, Lackawanna County, Pennsylvania. The foreclosure action was commenced in this Court on August 21, 2013 to No. 13-CV-4588. Wells Fargo obtained a default judgment on November 20, 2013 and purchased the property on October 21, 2014 at a Sheriff's Sale. The deed to Wells Fargo from the Lackawanna County Sheriff was recorded on December 16, 2014 in the Office of the Recorder of Deeds for Lackawanna County.

Thereafter, the Bank commenced this action against Ricci and Joe Pilchesky seeking to recover possession of the premises alleging that Ricci and Pilchesky were wrongfully occupying the property. Pilchesky filed Preliminary Objections, the essence of which were to challenge the Sheriff's sale. In a Memorandum and Order dated August 5, 2015, this Court, per visiting Senior Judge Peter O'Brien, denied Pilchesky's Motion to Strike/Vacate a September 12, 2014 Order regarding special service of process and overruled all of Pilchesky's Preliminary Objections. In so

doing, the Court noted that Pilchesky had failed to properly and timely object to the Sheriff's sale of the property in question by way of a petition to set aside the sale. The Court held, therefore, that Pilchesky could not attack the Sheriff's sale in a collateral proceeding such as this ejectment action. The Court then directed Pilchesky to file an Answer within twenty days of August 5, 2015.

Pilchesky then filed an Answer containing Counterclaims which essentially attacked the Sheriff's sale. Pilchesky's Answer, New Matter and Counterclaim were filed on August 25, 2015. The Bank filed Preliminary Objections to the Counterclaims on September 14, 2015 and Pilchesky responded by filing an Amended Counterclaim on October 1, 2015. The Bank filed Preliminary Objections to the Amended Counterclaim and a Motion to Strike on October 21, 2015. In response, Pilchesky filed a Second Amended Counterclaim and Request for Injunctive Relief on November 9, 2015 to which the Bank filed Preliminary Objections on November 25, 2015. Once again, Pilchesky responded to the Preliminary Objections by filing yet a Third Amended Counterclaim and Request for Injunctive Relief on December 14, 2015. On January 4, 2016, the Bank filed Preliminary Objections to the Third Amended Counterclaim of Pilchesky. Additionally, on January 11, 2016, the Bank filed a motion seeking an Order prohibiting any additional counterclaims from Pilchesky and compelling Pilchesky to file a substantive response to the Plaintiff's Preliminary Objections. This Court, per Barrasse, P.J., granted the Bank's request. Pilchesky thereafter appealed the January 11, 2016 Order to the Superior Court of Pennsylvania on January 21, 2016.

The Superior Court quashed the appeal on December 1, 2016.

On January 31, 2017, Pilchesky sought a stay of the oral argument on the Preliminary Objections to the Third Amended Counterclaim pending the outcome of his Petition for a Writ of Certiorari to the United States Court of Appeals.[1]

Despite all the appeals and maneuvering, we are essentially where we started: Pilchesky seeks to invalidate the Sheriff's sale of the property located at 819 Sunset Street in Scranton, Lackawanna County, Pennsylvania, within the context of this ejectment action. Because this Court has already held that Pilchesky is unable to do just that, we are constrained under the coordinate jurisdiction rule to sustain the Preliminary Objections of the Plaintiff to Pilchesky's Counterclaims. *See, McCabe v. Marywood University*, 2017 Pa.Super. 229, 166 A.3d 1257 (2017).

I.    Discussion.

Pilchesky offers eight separate counts in his Third Amended Counterclaim.

Count I charges constructive and actual fraud in connection with the Sheriff's sale of the subject property. Pilchesky alleges that the Bank "knowingly, willfully and maliciously gave patently false information" to him in connection with the sale. (Third Amended Counterclaim, ¶20). *Id.*, ¶24.

Count II alleges unjust enrichment on the part of the Bank. Essentially, Pilchesky alleges that the Bank "unjustly enriched itself for reasons articulated above by illegally gaining advantage . . . over Pilchesky through breach of duty, deception and making verified false statements in legal documents . . . ." *Id* ¶36. Count II also contains allegations of fraudulent conduct on the part of the Bank. *See, e.g., id.* at ¶¶37, 38, 39, 40 and 41.

Count III alleges deceptive business practices in violation of the Unfair Trade Practices and Consumer Protection law by making willful and malicious

---

[1] Pilchesky mistakenly directed his Petition for a Writ of Certiorari to the United States Court of Appeals for the District of Columbia Circuit, which referred his filings to the U.S. Court of Appeals for the Third Circuit in Philadelphia. We allowed Petitioner time to correct this and submit his Petition to the Supreme Court of the United States.

misrepresentations of material facts in connection with the Sheriff's sale of the property which is the subject matter of this case. *Id.* at ¶¶43 and 44.

Count IV alleges a violation of Pilchesky's due process rights. Again, this count deals directly with the Sheriff's sale of the property in question. *Id.* at ¶¶53, 54, 55, 56.

Count V alleges negligence in failing to provide due notice to Pilchesky in connection with the Sheriff's sale. *Id.* at ¶¶63, 64.[2]

Count VI of the Third Amended Counterclaim charges the Bank with bad faith. *Id.*, ¶¶71 and 72.

Count VII charges the Bank with mail fraud in connection with the Sheriff's sale in violation of 18 U.S.C. §1341. *Id.*, ¶¶74 and 75.

The final counterclaim in Count VIII charges the Bank with violating the Fair Debt Collection Practices Act in connection with the Bank's acquisition of the property in question through the Sheriff's sale.

Notwithstanding the prior decision of this Court, we will briefly address the substance of each proposed counterclaim.

As noted, Count VII charges the Bank with mail fraud. Simply put, there is no private right of action under the mail fraud statute cited by Pilchesky, 18 U.S.C. §1341. It is a federal criminal statute and, as such, does not provide a basis for a private civil claim. *Garay v. U.S. Bankcorp*, 303 F.Supp.2d 299 (E.D.N.Y. 2004); *Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402 (C.A.8 1999).

Count VI charges the Bank with acting in bad faith. Pilchesky's reliance on this claim is misplaced, because the Pennsylvania bad faith statute addresses only actions of insurance companies, applying to insurance contracts. *See*, 42 Pa.C.S.A. §8371;

---

[2] Paragraph 65 of the Third Amended Counterclaim alleges that the bank's negligence "was intentional, ill-willed and malicious." The concept of intentional and malicious negligence is not one with which we are familiar.

*Terletsky v. Prudential Property & Casualty Ins. Co.*, 437 Pa.Super. 108, 649 A.2d 680 (1994).

Count III of Pilchesky's counterclaim asserts a violation of the Pennsylvania Unfair Trade Practices Consumer Protection law. While this statute allows for a private right of action, it is limited to a person who purchases or leases goods or services primarily for personal, family or household purposes. *Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 393 Pa.Super. 339 (1990), *appeal granted* 584 A.2d 319, 526 Pa. 637, *aff'd* 605 A.2d 798, 529 Pa. 512 (1992). Nowhere in Count III of the Counterclaim does Pilchesky allege that he suffered any loss as a result of a purchase or lease of goods or services. Thus, this claim cannot stand either.

Count VIII in the counterclaim alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692. Pilchesky's claim under this statute fails because he is not entitled to avail himself of any remedies it creates since he is not a "consumer" under the definition section in the statute. 15 U.S.C. §1692a(3). Simply put, Pilchesky was not obligated or even allegedly obligated to pay any debt to the Bank in these circumstances and, as such, the Bank is not his "creditor." 15 U.S.C. §1692a(4).

As to Pilchesky's claim of "constructive and actual fraud" contained in Count I of his Third Amended Counterclaim, it is factually insufficient to sustain any type of claim against the Bank. It contains conclusory allegations, but no facts.

Count II of the Third Amended Counterclaim alleges unjust enrichment. However, in addition to the absence of any type of relationship between the Bank and Pilchesky, the counterclaim fails to allege any benefits conferred upon the Bank by Pilchesky. Indeed, Pilchesky was not an owner of the property sold at the Sheriff's sale in this case and that much is undisputed. Moreover, Pilchesky seems to ignore the fact of the Bank's loss of its loan proceeds which, of course, occasioned the foreclosure action in the first place.

Reproduced Record # 131

Count IV of the Third Amended Counterclaim alleges a "secret conspiracy" among the Bank, the Office of the Sheriff and a member of this Court in seeking to send a Notice of Sheriff's Sale not to Pilchesky, but to the property owner, Joanne Ricci, to a "knowingly false address." Pilchesky argues that had this not occurred, he could have been able to protect his property lien rights. (Third Amended Counterclaim, ¶¶56-59). Pilchesky alleges that the actions of the Bank were "intentional, ill-willed and malicious in the nature of perpetrating various frauds" but utterly fails to identify any specific acts or facts to support these vague conclusions. In the absence of any facts, this claim cannot stand.

Count V alleges negligence but alleges that the negligence by the Bank was "intentional, ill-willed and malicious." The acts of the Bank were either negligent or they were "intentional, ill-willed and malicious" but they cannot be one and the same. As such, this aspect of Pilchesky's counterclaim is deficient.

II.     Conclusion.

For all the foregoing reasons, and because of the coordinate jurisdiction rule, the Preliminary Objections of the Bank to the Third Amended Counterclaim are **SUSTAINED**. A separate Order follows.

Reproduced Record #  132

| | |
|---|---|
| WELLS FARGO BANK, NA, | : IN THE COURT OF COMMON PLEAS |
| Plaintiffs, | : OF LACKAWANNA COUNTY |
| | : |
| | : |
| VS. | : |
| | : CIVIL ACTION – LAW |
| | : |
| JOANNE R. RICCI A/K/A | : |
| JOANNE R. PILCHESKY AND | : |
| JOE PILCHESKY, | : |
| Defendants. | : 2015-CV-2268 |

## ORDER

AND NOW, this ___ day of March, 2018; IT IS HEREBY ORDERED THAT:

1. The Preliminary Objections of Plaintiff to the Defendant's Third Amended Counterclaim are **SUSTAINED**;

2. Defendant's Third Amended Counterclaim and all its counts are **DISMISSED**.

BY THE COURT:

_____ J.
James A. Gibbons

cc: *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R. Civ. P. 236 (a)(2) by mailing time-stamped copies to:*

Craig Hirneisen, Esquire
cah@stevenslee.com

Joseph Pilchesky (pro se)
joe.pilchesky@gmail.com

Reproduced Record # 133